UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:23-cv-00349-D-RN

| | |
|---|---|
| RONALD JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF SMITHFIELD, MICHAEL SCOTT, in his individual and official capacity as TOWN MANAGER, TIMOTHY KERIGAN, in his individual and official capacity as TOWN HUMAN RESOURCES DIRECTOR, TERRY WEST, in his individual and official capacity as TOWN POLICE DEPT. LT., KEITH POWELL, in his individual and official capacity as TOWN POLICE CHIEF, MARLON LEE, in his individual and official capacity as TOWN COUNCIL MEMBER, THE JOHNSTON COUNTY SCHOOL BOARD OF EDUCATION, TODD SUTTON, in his individual and official capacity as MEMBER and FORMER CHAIR, TERRI SESSOMS, in her individual and official capacity as MEMBER, TERRY TIPPETT, in his individual and official capacity as MEMBER, MICHAEL WOOTEN, in his individual and official capacity as MEMBER, LYN ANDREWS, in her individual and official capacity as MEMBER and CURRENT CHAIR, KAY CARROLL, in his individual and official capacity as MEMBER, KEVIN DONOVAN, in his individual and official capacity as MEMBER, SUSAN DOYLE, DISTRICT ATTORNEY of JOHNSTON COUNTY, in her individual and official capacity, RICHARD HOFFMAN, in his individual and official capacity, BENJAMIN O. ZELLINGER, in his individual and official capacity as Special Prosecutor, ANGIE MCLEOD, JIMMY LAWRENCE, DAVID MARSHBURN, and the ESTATE of JOSEPH PRESTON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **MOTION TO DISMISS OF DEFENDANT JAMES R. LAWRENCE, JR.** |
| Defendants. | ) |

Defendant James R. Lawrence, Jr. ("Attorney Lawrence"), by and through undersigned counsel, hereby moves to dismiss the claims asserted against him by Plaintiff Ronald Johnson ("Detective Johnson"). In support hereof, Attorney Lawrence states as follows:

1. On June 26, 2023, Detective Johnson, a former detective for Defendant Town of Smithfield ("Smithfield") and member of the Johnston County School Board of Education ("BOE"), filed a Complaint against all nineteen Defendants (which include an ex-girlfriend, two Facebook "influencers," fellow BOE members, the police department and the district attorney's office) alleging that they had conspired against him in retaliation for "speaking out about matters of public concern" ("First Amendment Retaliation") and to violate his procedural due process rights ("Due Process Retaliation"). *See* Complaint ("Compl."), ¶ 132.

2. Detective Johnson also asserted claims against defendants other than Attorney Lawrence of: (a) Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (b) Retaliation in Violation of Title VII; (c) Discrimination in Violation of the Americans with Disabilities Act ("ADA"); (d) Retaliation in Violation of the ADA; (e) Interference in Violation of the Family and Medical Leave Act ("FMLA"); (f) Retaliation in Violation of the FMLA; (g) First Amendment violations of 42 U.S.C. § 1983; (h) Due Process and Fourth Amendment violations of 42 U.S.C. § 1983; (i) Wrongful Termination; and (j) Abuse of Process.

3. Detective Johnson asserted the following claims against, among others, Attorney Lawrence: (a) Intentional Infliction of Emotional Distress; (b) Tortious Interference with Contract; (c) Defamation; and (d) Conspiracy under 42 U.S.C. § 1983 ("First Amendment Retaliation" and "Due Process Retaliation").

4. Detective Johnson's claim against Attorney Lawrence for Intentional Infliction of Emotional Distress is based on the publication of two (2) texts between Detective Johnson and Attorney Lawrence by the Facebook influencers.

5. Detective Johnson's claim against Attorney Lawrence for Intentional Infliction of Emotional Distress should be dismissed because: (a) sharing texts in which Detective Johnson had no expectation of privacy reflecting his objectification of women during a BOE meeting is not "extreme and outrageous conduct" that is "utterly intolerable in a civilized community" as a matter of law; and (b) there are no allegations that sharing the texts caused, or exacerbated, any emotional or mental disorder that Detective Johnson may have had.

6. Detective Johnson's claim against Attorney Lawrence for Tortious Interference with Contract is based on Smithfield's reliance on the BOE's censures against Detective Johnson and Smithfield's reliance on allegations that Detective Johnson obtained an incorrect protective order against Defendant McLeod (with whom he had an affair).

7. Detective Johnson's claim against Attorney Lawrence for Tortious Interference with Contract should be dismissed because there are no allegations that Attorney Lawrence was involved in either the censures or commented on the form of the protective order or influenced Smithfield to terminate Detective Johnson on either basis.

8. Detective Johnson's claim against Attorney Lawrence for Defamation is based on: (a) a question he purportedly asked a BOE employee in 2020 – "Did Detective Johnson go to the News & Observer for political gain" (the "Political Gain Question"); and (b) a statement he allegedly made to Chief Powell during an investigation that "he had a lot more 's*&^'" on Detective Johnson and that "it was not going to end well" (the "Investigatory Comment").

9. Detective Johnson's defamation claim against Attorney Lawrence based on the Political Gain Question should be dismissed because: (a) it is time-barred; (b) it is a question regarding Detective Johnson's motives for speaking with the News & Observer ("N&O"), not an actionable statement of fact; and (c) it does not impeach Detective Johnson in either his role as Detective or BOE member.

10. Detective Johnson's Defamation claim against Attorney Lawrence based on the Investigatory Comment should be dismissed because it is a non-actionable opinion.

11. Detective Johnson's First Amendment Retaliation conspiracy claim against Attorney Lawrence should be dismissed because there are no allegations that Attorney Lawrence took any, much less any adverse, action to inhibit Detective Johnson's exercise of his First Amendment rights before or after speaking with the N&O or agreed with any other defendant to do so.

12. Detective Johnson's Due Process Retaliation conspiracy claim against Attorney Lawrence should be dismissed because: (a) there are no allegations that Attorney Lawrence was involved with abuse of process or "illegal searches and seizures," or that he conspired with any other defendant to commit Due Process Retaliation; and (b) abuse of process and malicious prosecution cannot serve as the basis of a Section 1983 claim as they are common law torts, not the deprivation of some constitutional right.

13. The bases for Attorney Lawrence's Motion to Dismiss are set forth in more detail in the accompanying Memorandum of Law, which is incorporated as though fully set forth herein.

For the foregoing reasons, this Court should dismiss each of Detective Johnson's claims against Attorney Lawrence.

Respectfully submitted this the 25th day of August, 2023.

LEDOLAW

/s/ Michele A. Ledo
Michele A. Ledo
Bar No. 32166
227 Elm Street
Raleigh, NC 27601
(919) 835-1311
mledo@ledolaw.com
*Counsel for Defendant
James R. Lawrence, Jr.*

CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this day served the attached *Motion to Dismiss of Defendant James R. Lawrence, Jr.* on all of the parties to this cause who are represented by this Court's ECF filing system and to the following by depositing it in a first-class, postage pre-paid wrapper into a depository under the exclusive care and custody of the United States Postal Service:

Angie McLeod Barbour
4864 Bailey's Crossroads Road
Benson, NC 27504

David Marshburn
207 N. Third Street
Smithfield, NC 27577

/s/ Michele A. Ledo