# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### Case No.: 5:23-cv-00349-D-RN

| | | |
|---|---|---|
| **RONALD JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM IN** |
| **v.** | ) | **SUPPORT OF MOTION TO** |
| | ) | **DISMISS** |
| **TOWN OF SMITHFIELD, et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

NOW COME Defendants Susan Doyle, District Attorney for the Thirteenth Prosecutorial District, in her individual and official capacity, and District Attorney Investigator Richard Hoffman, in his individual and official capacity (hereinafter DA Defendants), to respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint [DE 1] pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff's claims lack merit, and are barred by the Eleventh Amendment, prosecutorial immunity, and qualified immunity and should be dismissed with prejudice. To the extent this Court determines that any of Plaintiff's claims survive, this Court should nonetheless dismiss this case pursuant to *Younger* abstention principals.

## **INTRODUCTION**

Plaintiff's claims against the DA Defendants are a thinly-veiled attempt to circumvent and derail his pending criminal prosecution. Plaintiff's brings his 110-page Complaint telling a convoluted tale of a grand conspiracy against him involving multiple city, county and state officials. Although he admits to violating state law, Plaintiff alleges that his pending state criminal prosecution is nonetheless unlawful because he believes the Johnson County Board of Education (BOE) failed to properly follow procedural rules with regard to three censures issued to him. Whether the BOE properly issued the censures is irrelevant to the claims against the DA Defendants, and immaterial to the pending criminal prosecution against him.

Plaintiff's claims against the DA Defendants challenge Defendant Hoffman's application for, and subsequent execution of, a judicially issued search warrant. It is unclear exactly what actions Plaintiff attributes to the DA Defendants because Plaintiff uses the collective term "Defendants" interchangeably with the more specific defendant names. Based on a liberal reading of the Complaint, it appears Plaintiff may bring five claims against the DA Defendants - Count Nine, Count Eleven, Count Twelve, Count Fourteen and Count Fifteen.

Count Nine is a 42 U.S.C. § 1983 claim, alleging violation of Plaintiff's due process and Fourth Amendment rights, directly challenging the search warrant. [DE 1, pp. 99-100][1]

Count Eleven alleges an abuse of process claim arising under North Carolina common law. This claim also challenges judicially issued search warrants, as well as grand jury indictments against Plaintiff. [DE 1, pp. 101-103]

Count Twelve alleges an intentional infliction of emotional distress claim arising under North Carolina common law. [DE 1, p. 103] The only allegation against the DA Defendants is that they "ratified and adopted the actions of Defendants McLeod, Lawrence, Marshburn, and Preston, by relying on them without any bona fide investigation or evaluation." [DE 1, p. 103, ¶ 112]

Count Fourteen alleges a defamation claim arising under North Carolina common law. [DE 1, p. 105] Although this claim is brought against "all defendants," there are no allegations as to the DA Defendants.

---

[1] Plaintiff's Complaint sets out numbered paragraphs 1-362 and then restarts numbering on page 86. For the sake of clarity, undersigned counsel cites to paragraph numbers for pages 1-86 of the Complaint and cites to page numbers for pages 87-111.

Count Fifteen alleges a conspiracy arising under 42 U.S.C. § 1983. As in Count Fourteen, this claim is brought against "all defendants," but includes no allegations against the DA Defendants. [DE 1, pp. 106-107]

The Complaint contains two separate sections labeled "Prayer for Relief." Piecing these sections together, it appears Plaintiff seeks the following relief: (1) reinstatement to his position with the Smithfield Police Department; (2) all pay, benefits, seniority, promotions, leave and emoluments Plaintiff would have otherwise been entitled to as a police officer; (3) interest on back pay at the full legal rate, accruing from the date each paycheck would have been received; (4) general damages, including loss of earning capacity, damage to reputation past and future, mental anguish past and future; (5) special damages; (6) punitive damages; (7) injunctive relief prohibiting Defendants from taking any punitive action against Plaintiff in response to Plaintiff's exercise of rights; (8) injunctive relief prohibiting Defendants from taking any of Plaintiff's personal property and subjecting his to additional search and seizures; (9) attorney fees; and (10) costs and expenses of suit. Plaintiff demands a jury trial. [DE 1, pp. 107-110]

The allegations against the DA Defendants lack both factual and legal support. Plaintiff's claims against the DA Defendants are subject to dismissal because: (1) Plaintiff's official capacity claims are barred by the Eleventh Amendment; (2) Plaintiff's claims are barred by absolute prosecutorial

immunity; (3) Alternatively, Plaintiff's claims are barred by qualified immunity; (4) Plaintiff fails to state a plausible claim upon which this Court may grant relief; and (5) Plaintiff's Complaint implicates the *Younger* abstention doctrine. Although his Complaint seeks to halt the criminal proceedings against him, the subject matter of Plaintiff's claims against the DA Defendants should be resolved in his state criminal proceeding.

## STATEMENT OF FACTS AS ALLEGED BY PLAINTIFF AS RELATES TO DA DEFENDANTS[2]

Plaintiff began work as a Smithfield Police Officer in 2005. [DE 1, ¶ 6] In 2016, while still employed as a police officer, Plaintiff was elected to the Johnston County Board of Education (BOE). [DE 1, ¶ 7] In 2022, both the BOE and Smithfield Police Department independently investigated misconduct allegations against Plaintiff. [DE 1, ¶¶ 225, 273]

The Smithfield Police Department also launched an investigation into whether Plaintiff violated department policy by using the department's equipment for non-police uses. [DE 1, ¶¶ 226-27] Meanwhile, attorneys for the BOE, Tharrington Smith, LLP, were independently investigating Plaintiff's alleged secret recording of a closed session of the BOE. [DE 2-11, p. 6, ¶ 2, DE 1, ¶¶ 291-293, 300-301] The findings of the investigation were shared with the

---

[2] Most of the allegations contained in the lengthy complaint do not involved the DA Defendants and are irrelevant to the claims against them. For that reason, this statement of facts focuses solely on the facts alleged by Plaintiff relevant to the claims against the DA Defendants.

District Attorney's Office. [DE 2-8] Plaintiff believes both of these investigations were undertaken solely to retaliate against him. [DE 1, ¶ 289]

At its August 24, 2022 meeting, the BOE issued public censures against Plaintiff for secretly recording a closed meeting and tampering with the assignment of children in the district. [DE 1, ¶¶ 15, 292-93] Plaintiff believes the BOE failed to adhere to their own policies and procedures at the August 24, 2022 meeting by not adhering to Robert's Rules of Order. [DE 1, ¶¶ 292-96]

On August 26, 2022, Defendant Sutton wrote Defendant Doyle a letter asking her to make a determination whether Plaintiff's misconduct supported removal from the BOE. [DE 1, ¶ 301]

Several months later, on January 24, 2023, Plaintiff's counsel wrote to the District Attorney "to make clear Plaintiff's position" that they believed the BOE censures against Plaintiff were invalid because the BOE meeting did not follow Robert's Rules of Order and that the District Attorney should ignore the request from the BOE. [DE 1, ¶ 311, DE 2-10] In this letter, Plaintiff's counsel informs the District Attorney that investigating whether Plaintiff violated a criminal statute, N.C. Gen. Stat. § 14-230, is "wholly inappropriate," and that Plaintiff "has never been accused of [violating § 14-230] in any of the sordid actions of the 2021-2022 School Board." [DE 2-10]

Defendant Doyle did not respond, and assigned Defendant Hoffman to conduct an independent investigation of whether Plaintiff should be

prosecuted for violation of N.C. Gen. Stat. § 14-230. [DE 1, ¶ 312, DE 2-11, p. 6, ¶ 2]

On January 25, 2023, Superior Court Judge Rebecca Holt issued a search warrant. [DE 2-11] The search warrant was supported by an affidavit provided by Defendant Hoffman. [DE 2-11, pp. 1-10] On March 29, 2023, Superior Court Judge Bryan Collins issued a second search warrant, again supported by an affidavit provided by Defendant Hoffman. [DE 2-11, pp. 11-33] On April 3, 2023, Plaintiff was indicted by a Johnston County Grand Jury for felony extortion, felony obstruction of justice and three misdemeanor counts of willfully failing to discharge duties. [DE 2-12] Plaintiff is currently being prosecuted on these charges by Special Prosecutor Defendant Zellinger from the North Carolina Department of Justice. [Id.] Plaintiff continues to serve on the Johnston County School Board. [DE 1, ¶ 358]

## LEGAL STANDARD

This Court must dismiss all or part of a complaint over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This threshold question must be addressed by the court before considering the merits of the case. *Jones. v. Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

Federal courts have limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must grant a motion to dismiss for lack

of subject matter jurisdiction if the court lacks statutory authority at any time to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A complaint may be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 679 (citations omitted).

## LAW AND ARGUMENT

**I.   COUNT NINE – 42 U.S.C. § 1983 – DUE PROCESS AND FOURTH AMENDMENT**

Count Nine alleges a 42 U.S.C. § 1983 claim, alleging violation of Plaintiff's due process and Fourth Amendment rights. [DE 1, p. 99] Plaintiff's allegations are confusing and conclusory and do not state a plausible claim for relief. Specifically, Plaintiff alleges that on January 25, 2023, "Defendants swore to facts which were known to be insufficient to establish probable cause to arrest Plaintiff for larceny or a willful and corrupt omission, neglect, or refusal to discharge his duties as a school member (sic) or the willful and corrupt violation of his office." [DE 1, p. 99, ¶ 86] While Plaintiff discusses "probable cause to arrest," it is believed he is referencing a January 25, 2023 search warrant issued by Superior Court Judge Rebecca Holt." [DE 2-11, pp. 1-10] Despite Judge Holt's finding of the existence of probable cause to issue the search warrant, Plaintiff asserts Defendant Hoffman's affidavit was "knowingly insufficient" and thus the issuance and execution of the search warrant violated his constitutional rights – specifically "freedom from unreasonable search and seizure of his property and person," "freedom from arrest without probable cause," and "freedom of speech." [DE 1, p. 99, ¶ 88] Plaintiff also alleges, "Defendants engaged in abuse of process in violation of

Plaintiff's rights to procedural due process which forbids the use of legal process for a wrongful purpose." [DE 1, p. 100, ¶ 88]

This claim is subject to dismissal for multiple reasons explained below.

## A. Plaintiff's Official Capacity Claims Are Barred By The Eleventh Amendment

The Eleventh Amendment restricts the ability of individuals to sue states in federal court. The Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). This immunity extends to "arms[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacity, *Gray v. L.*, 51 F.3d 426, 430 (4th Cir. 1995). A suit against a state official sued in their official capacity is not a suit against the individual official, but is a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). And just "as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

The DA Defendants are state officers of the judicial branch of North Carolina's government, and Plaintiff's claims against them in their official

capacities are claims against the State of North Carolina. Defendant Doyle is the duly elected District Attorney for North Carolina's Prosecutorial District 13. N.C. Const. art. IV, § 18, N.C. Gen. Stat. § 7A-61. Defendant Hoffman is an investigatorial assistant for North Carolina's Prosecutorial District 13. N.C. Gen. Stat. § 7A-69. Therefore, the Eleventh Amendment bars Plaintiff's official capacity claims against the DA Defendants.

Exceptions to Eleventh Amendment sovereign immunity are narrow. A lawsuit against a State, or State official, may only proceed when one of the following three exceptions applies: (1) where Congress, while acting pursuant to its powers under the Fourteenth Amendment, has properly abrogated a state's immunity, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452-56 (1976); (2) where a state has waived its immunity to suit in federal court, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); or (3) where a private party sues an appropriate state officer for prospective injunctive or declaratory relief from an ongoing violation of federal law, *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

The Complaint does not implicate the first two exceptions. The third exception, the *Ex Parte Young* exception, is not implicated either. To determine whether the *Ex Parte Young* exception applies, the merits of Plaintiff's injunctive relief claim must be addressed.

Plaintiff seeks this Court to enjoin any defendant from taking "any

punitive action" against him "in response to Plaintiff's exercise of rights," or taking "any of Plaintiff's personal property and subjecting him to additional unlawful searches and seizures." [DE 1, p. 109, ¶¶ 6-7] In essence, Plaintiff asks this Court to enjoin the DA Defendants investigating or prosecuting him, in the present or future, for any reason. Plaintiff seeks to enjoin his current prosecution by Defendant Zellinger. [DE 1, ¶ 60]

As a general rule, a government "retains broad discretion as to whom to prosecute," *Wayte v. United States*, 470 U.S. 598, 607–08 (1985), and there is a "presumption of regularity behind a charging document." *Hartman v. Moore*, 547 U.S. 250, 265 (2006). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by the statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is done. The accused should first set up and rely upon his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection." *Fenner v. Boykin*, 271 U.S. 240, 243–44 (1926).

Nonetheless, federal courts have "limited authority to affect prosecutorial actions when those actions are taken in violation of the

Constitution" and when circumstances make preemptive federal intrusion necessary to ensure adequate protection of federal constitutional rights. *Miller v. Mitchell*, 598 F.3d 139, 155 (3d Cir. 2010), citing *United States v. Santtini*, 963 F.2d 585, 596 (3d Cir. 1992). A federal court may enjoin a pending criminal proceeding only "in certain exceptional circumstances—where irreparable injury is 'both great and immediate,' where the state law is 'flagrantly and patently violative of express constitutional prohibitions,' or where there is a showing of 'bad faith, harassment, or ... other unusual circumstances that would call for equitable relief.'" *Mitchum v. Foster*, 407 U.S. 225, 230–31 (1972), quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971) (internal page citations omitted). This case presents no exceptional circumstances to warrant federal intervention.

Typically, federal court cases seeking to enjoin state criminal prosecutions raise challenges to the constitutionality of the statutes that trigger the prosecution. That is not the case here. Therefore, Plaintiff demonstrate bad faith, harassment, or other unusual and exceptional circumstances that would call for equitable relief. Plaintiff fails. Consequently, the ex Parte Young exception is not invoked and Plaintiff's official capacity claims are barred by the Eleventh Amendment.

## B. The DA Defendants, Sued In Their Official Capacities, Are Not Persons Amenable To Suit Under 42 U.S.C. § 1983

Plaintiff's official capacity 42 U.S.C. § 1983 claims also fail because state officials sued in their official capacities are not persons amenable to suit under section 1983. A civil rights claim based upon 42 U.S.C. § 1983 has two essential elements: "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). To be liable under 42 U.S.C. § 1983, therefore, a defendant must be a "person" within the meaning of the statute. *See id*. It is well-established that "a State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. Plaintiff's official capacity 42 U.S.C. § 1983 claims also fail for this reason.

## C. Plaintiff's 42 U.S.C. § 1983 Claim Against Defendant Doyle Fails Because Vicarious Liability Is Inapplicable To 42 U.S.C. § 1983 Suits

The specific factual allegations against Defendant Doyle are unclear. Because Plaintiff makes no specific allegations as to Defendant Doyle, it appears the 42 U.S.C. § 1983 claims against her are premised on either a *respondeat superior* theory or a vicarious liability theory as to her supervision of Defendant Hoffman. [DE 2, ¶ 59] Either way, § 1983 liability cannot be

predicated on a theory of *respondeat superior* or vicarious liability. *See, e.g.,*
*Iqbal*, 556 U.S. at 676. Accordingly, Plaintiff's individual capacity 42 U.S.C. §
1983 claims against Defendant Doyle fail.

### D. Plaintiff's Claims Are Barred By Prosecutorial Immunity

Plaintiff's claims are also barred by prosecutorial immunity. The
doctrine of absolute prosecutorial immunity is deep rooted and integral to the
administration of justice, and prosecuting attorneys are entitled to absolute
immunity for actions taken in their role as a prosecuting attorney. *Imbler v.*
*Pachtman,* 424 U.S. 409 (1976). "No matter how conscientious a prosecutor
may be, 'a defendant often will transform his resentment at being prosecuted
into the ascription of improper and malicious actions to the State's advocate.'"
*Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018) This lawsuit is precisely the
type of retaliatory litigation barred by absolute prosecutorial immunity.

Prosecutorial immunity "safeguards the process, not the person," and
applies to conduct that is "intimately associated with the judicial phase of the
criminal process." *Nero*, 890 F.3d at 117–18 (quoting *Imbler*, 424 U.S. at 430-
31). In deciding whether an action meets that standard, Courts apply a
"functional approach," looking to "the nature of the function performed,"
without regard to "the identity of the actor who performed it." *Id.* at 118
(*quoting Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). Therefore, not only

does prosecutorial immunity bar claims against prosecutors, it also "extends to certain agents of the prosecutor when they are engaged in performing tasks that are inherently prosecutorial in nature." *Brodnik v. Lanham*, No. CV 1:11-0178, 2016 WL 4087361 (S.D.W. Va. Aug. 1, 2016) (quoting *Joseph v. Shepherd*, 211 F. App'x 692, 697 (10th Cir. 2006) Accordingly, absolute prosecutorial immunity extends to Defendant Hoffman.

Courts utilize a functional approach to determine whether a particular act is "intimately associated with the judicial phase." *Id.* This functional approach looks to "'the nature of the function performed,' without regard to 'the identity of the actor who performed it,' 'the harm that the conduct may have caused,' or even 'the question whether it was lawful.'" *Nero*, 890 F.3d at 119 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 271 (1993). The Supreme Court has determined that advocative functions enjoy absolute immunity while investigative or administrative functions do not. *Nero*, 890 F.3d 106; *see also Kalina v. Fletcher*, 522 U.S. 118, 125–26 (1997).

Plaintiff's claims against the DA Defendants all concern the issuance and execution of a search warrant by Defendant Hoffman and Plaintiff's criminal prosecution. The DA Defendants' actions in applying for a search warrant and reviewing the materials collected pursuant to a search warrant for purposes of determining whether to prosecute someone involve the "prosecutor's role as advocate for the State, rather than his role as

administrator or investigative officer." *Burns v. Reed*, 500 U.S. 478, 491–92 (1991) (finding prosecutor entitled to absolute immunity for supporting the application for a search warrant); *Imbler*, 424 U.S. at 431 (explaining that prosecutorial immunity extends to conduct preliminary to the initiation of a prosecution and actions apart from the courtroom). Accordingly, Plaintiff's claims challenging the search warrant and prosecution are barred by absolute prosecutorial immunity.

### E. Qualified Immunity Bars Plaintiff's Claims

To the extent this Court determines that absolute prosecutorial immunity does not bar Plaintiff's claims, they are nonetheless barred by qualified immunity. Determining whether qualified immunity applies is a two-step process. First, the court must determine whether taken in the light most favorable to the party asserting the injury, do the facts alleged show the defendant's conduct violated a constitutional right?" *Miller v. Prince George's Cnty., MD*, 475 F.3d 621, 626–27 (4th Cir. 2007). If yes, next, the court must determine whether the right was "clearly established" at the time of the events at issue. *Id.*; see also *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001).

This Court need not go past the first question. Plaintiff fails to establish that the DA Defendants' conduct violated Plaintiff's constitutional rights in any way. Plaintiff conclusively asserts that Defendant Hoffman "swore to facts which were known to be insufficient to establish probable cause to arrest

Plaintiff. . . .” [DE 1, p. 99, ¶ 86] This does not establish a violation of Plaintiff's constitutional rights. First, an affidavit for a search warrant does not require sufficient facts to establish probable cause to arrest an individual, but rather that there is probable cause to believe that the person or place to be searched contains evidence of a crime. Second, a warrant issued by a neutral judicial official is normally sufficient to establish that an affiant acted in good faith or an objectively reasonable manner in conducting a search. *United States v. Ross*, 456 U.S. 798, 823 n.32 (1982). Finally, none of the facts alleged by Plaintiff establish that the application for, and execution of, the search warrant, violated Plaintiff's constitutional rights.

### F. Plaintiff Fails To State A Plausible Claim For Relief

Even if Plaintiff's claims were not barred, Plaintiff does not allege any facts that set forth a plausible claim for relief. Plaintiff's Complaint consists of exactly what *Iqbal* forbids – “[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.” *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff fails to state a plausible claim for relief that “permit[s] the court to infer more than the mere possibility of misconduct” based upon “its judicial experience and common sense.” *Id.* at 679 (citations omitted).

### G. Plaintiff's Claims Are Barred By The *Younger* Abstention Doctrine

Finally, to the extent that any claims survive, this Court should abstain from exercising federal jurisdiction because to do so would interfere with a pending state criminal proceeding. *Younger*, 401 U.S. at 44. *Younger* requires abstention when "granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989). *Younger* abstention is appropriate when a case "falls into one of the three settled categories." *Jonathan R. by Dixon v. Just.*, 41 F.4th 316, 329 (4th Cir.), *cert. denied sub nom. Just. v. Jonathan R.*, 143 S. Ct. 310 (2022). Those categories include (1) "pending state criminal proceeding;" (2) "civil proceedings that are akin to criminal prosecutions;" and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). If the case falls into one of these three categories, "the court should go on to consider the so-called *Middlesex* factors in evaluating whether to abstain." *Jonathan R. by Dixon*, 41 F.4th at 341 (Rushing, J., concurring in the judgment and dissenting in part). The *Middlesex* factors look to whether 1) there is an ongoing state judicial proceeding brought before substantial progress in the federal proceeding; that 2) implicates important, substantial, or vital state interests, and 3) provides adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Federal

courts may intervene in state criminal proceedings only in extraordinary circumstances "when there has been a 'showing of bad faith, harassment, or any other unusual circumstances that would call for equitable relief.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (*citing Younger*, 401 U.S. at 54).

Here, all three *Younger* factors are present and this Court should abstain from exercising jurisdiction. First, there is an ongoing state criminal proceeding that commenced two months prior to this civil lawsuit, and before any proceedings on the merits have occurred in this federal case. [DE 2-12] Second, the investigation and prosecution of a criminal case plainly implicate an important state interest. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges to the search warrant. Plaintiff can file a motion to suppress evidence obtained through the search warrant in his state criminal case.

Moreover, Plaintiff's allegations do not implicate any of the *Younger* exceptions to allow relief in this case. Although Plaintiff concludes that "the defendants acted willfully, deliberately, maliciously, recklessly and with deliberate indifference to the Plaintiff's constitutional rights," his Complaint is devoid of any factual material to support this conclusion. Plaintiff fails to demonstrate any extraordinary circumstance required for this Court to hear

this matter. This Court should abstain from exercising jurisdiction and dismiss this claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. COUNT FIFTEEN – 42 U.S.C. § 1983 – CONSPIRACY

Although Plaintiff purports to bring this claim against "all defendants," he fails to make any allegations as to the DA Defendants. This claim is also subject to dismissal for all of the above reasons.

## III. CLAIMS ARISING UNDER STATE LAW

To the extent this Court retains federal jurisdiction over the federal claims, the state law claims against them should nonetheless be dismissed because Plaintiff fails to assert facts to support his claims and they are barred by principles of sovereign immunity and prosecutorial immunity.

### a. Count Eleven - Abuse of Process

The Complaint fails to plausibly allege an abuse of process claim against the DA Defendants. The tort of abuse of process is narrow in scope. It "consists in the malicious misuse or perversion of a civil or criminal writ to accomplish some purpose not warranted or commanded by the writ." *Barnette v. Woody*, 242 N.C. 424, 431 (1955). A claim for abuse of process requires two "essential elements:" "the existence of an ulterior purpose" and "an act in the use of the process not proper in the regular prosecution of the proceeding." *Id*. at 431. An abuse of process claim requires that the defendant commit "some willful act

whereby he sought to use the existence of the proceeding to gain advantage of the plaintiff in respect to some collateral matter." *Chidnese v. Chidnese*, 210 N.C. App. 299, 311 (2011).

Besides being barred for all the reasons above, Plaintiff fails to state a plausible claim for abuse of process. Plaintiff's attorneys wrote Defendant Doyle advocating Plaintiff's position that censures issued by the BOE were *void ab initio* because of the alleged failure of the BOE to follow Robert's Rules of Court. [DE 2-10] Plaintiff alleges this meant the District Attorney was not authorized to independently investigate allegations of criminal wrongdoing by Plaintiff, and doing so was an unlawful abuse of process.

The censures do not serve as the basis of Plaintiff's criminal charges, and N.C. Gen. Stat. § 14-230 makes no mention of censures, much less requiring censures be properly issued as a prerequisite for violation of that statute. Plaintiff uses this immaterial "fact" to support his claim that the DA Defendants "misapplied criminal process to seize Plaintiff's property based on misdemeanor neglect of duty and go on a fishing expedition to find evidence of some matter for which they could charge Plaintiff criminally." [DE 1, p. 102, ¶ 103] Besides not having any evidentiary support, this claim completely ignores the fact that a grand jury found probable cause to indict Plaintiff, in addition to the two felonies, for three counts of violating the exact misdemeanor listed

in the search warrant. This claim is incomprehensible and devoid of any factual or legal support.

### b. Intentional Infliction of Emotional Distress

The only allegation against the DA Defendants for the tort of intentional infliction of emotional distress is that they "ratified and adopted the actions of Defendants McLeod, Lawrence, Marshburn, and Preston, by relying on them without any bona fide investigation or evaluation." [DE 1, p. 103, ¶ 112] This claim is contradicted by Plaintiff's own assertions that the DA Defendants conducted an independent investigation [DE 1, ¶ 312, DE 2-11, p. 6, ¶ 2], and acted with "independent animus." [DE 1, ¶ 328] Plaintiff fails to state a claim for intentional infliction of emotional distress.

### c. Defamation

Although Plaintiff purports to bring this claim against all defendants, Plaintiff makes no allegations whatsoever against the DA Defendants, and this claim should be dismissed for failure to state a claim.

### CONCLUSION

Based on the foregoing, Defendants Doyle and Hoffman respectfully request the Court grant their motion to dismiss, with prejudice.

Respectfully submitted this the 28th day of August, 2023.

JOSHUA H. STEIN
Attorney General

/s/Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
eobrien@ncdoj.gov
State Bar No. 28885
*Counsel for Defendants Doyle &*
*Hoffman*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this day electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system.

This the 28th day of August, 2023.

<u>/s/ Elizabeth Curran O'Brien</u>
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice