UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

**FILED**

AUG 2 9 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Civil Action No. *5:23-cv-0349*

RONALD JOHNSON,

Plaintiff,

v.

TOWN OF SMITHFIELD, MICHAEL SCOTT, in
his individual and official capacity as TOWN
MANAGER, TIMOTHY KERIGAN, in his
individual and official capacity as TOWN HUMAN
RESOURCES DIRECTOR, TERRY WEST, in
his individual and official capacity as TOWN POLICE
DEPT. LT., KEITH POWELL, in his individual and
Official capacity as TOWN POLICE CHIEF,
MARLON LEE, in his individual and official
Capacity as THE TOWN COUNCIL MEMBER, THE
JOHNSTON COUNTY SCHOOL BOARD OF
EDUCATION, TODD SUTTON, in his individual
and official capacity as MEMBER and FORMER
CHAIR, TERRI SESSOMS, in her individual and
official capacity as MEMBER, TERRY TIPPETT,
in his individual and official capacity as MEMBER,
MICHAEL WOOTEN, in his individual and official
Capacity as MEMBER, LYN ANDREWS, in her
individual and official capacity as MEMBER and
CURRENT CHAIR, KAY CARROLL, in his
individual and official capacity as MEMBER,
KEVIN DONOVAN, in his individual and official
capacity as MEMBER, SUSAN DOYLE,
DISTRICT ATTORNEY of JOHNSTON COUNTY,
in her individual and official capacity, RICHARD
HOFFMAN, in his individual and official capacity,
BENJAMIN O. ZELLINGER, in his individual and
official capacity as Special Prosecutor, ANGIE
MCLEOD, JIMMY LAWRENCE, DAVID
MARSHBURN, and the ESTATE OF JOSEPH
PRESTON,

Defendants.

Defendant hereby answers Plaintiff's complaint as follows:

## **ANSWER TO COMPLAINT**

1. The defendant admits that he was a political candidate for Sheriff in Johnston County and that he published information on social media, specifically on Facebook via a "live" but denies each and every remaining allegation contained in paragraph 10.

2. The Defendant denies each and every allegation contained in paragraph 11 of the complaint.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the complaint.

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the complaint.

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the complaint.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the complaint.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the complaint.

8. The Defendant admits that he is a private citizen and resides in Johnston County within the Eastern District of North Carolina in paragraph 63 of the complaint.

9. The Defendant denies each and every allegation contained in paragraph 158 of the complaint.

10. The Defendant denies each and every allegation contained in paragraph 178 of the complaint.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 179 of the complaint.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 180 of the complaint.

13. The Defendant admits that he did run for Johnston County Sheriff as a write in candidate but denies each and every remaining allegation contained in paragraph 181 of the complaint.

14. The Defendant admits that he is a private investigator but is without knowledge or information sufficient to form a belief as to receiving publicity in 2018 for efforts to locate a missing child in paragraph 182 of the complaint.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 183 of the complaint.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 184 of the complaint.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 185 of the complaint.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 186 of the complaint.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 187 of the complaint.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 225 of the complaint.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 230 of the complaint.

22. The Defendant denies each and every allegation contained in paragraph 231 of the complaint.

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 237 of the complaint.

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 249 of the complaint.

25. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 260 of the complaint.

26. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 267 of the complaint.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 270 of the complaint.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 272 of the complaint.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 280 of the complaint.

30. The Defendant denies each and every allegation contained in paragraph 299 of the complaint.

31. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 306 of the complaint.

32. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 307 of the complaint.

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 308 of the complaint.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 334 of the complaint.

35. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 338 of the complaint.

36. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 350 of the complaint.

37. The Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 353 of the complaint.

38. The Defendant denies each and every allegation contained in paragraph 360 of the complaint.

## **AFFIRMATIVE DEFENSES**

Defendant hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

Defendant alleges that the Complaint, and each and every purported cause of action

contained therein, fails to state facts sufficient to constitute a cause of action against

Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped from obtaining the relief sought, or pursuing any of the claims raised

or causes of actions contained in the Complaint, by virtue of Plaintiffs' acts, failures to

act, conduct, admissions, and the like.

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant alleges that Plaintiffs' Complaint, and each purported cause of action therein,

is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Defendant asserts that Plaintiffs' complaint, and each purported cause of action set forth

therein fails to state facts sufficient for recovery of attorneys' fees or other litigation

expenses.

### FIFTH AFFIRMATIVE DEFENSE

### (Qualified Privilege)

Defendant asserts that Plaintiff's complaint, and each purported cause of action therein is

barred by qualified privilege.

## SIXTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

As a separate and distinct affirmative defense, Defendant reserves the right to amend this

Answer to assert additional defenses and/or supplement, alter or change this Answer as

may be warranted by the revelation of information during discovery and investigation.

## REQUEST FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the complaint, and that plaintiffs' complaint be

dismissed in its entirety with prejudice;

2. For entry of judgment in favor of defendant;

3. For costs of suit incurred herein;

4. For reasonable attorney's fees; and

5. For any such other and further relief as the court deems just and proper.

## JURY TRIAL DEMANDED

Defendants hereby demand a trial by jury.

08/29/2023

By:     David Marshburn

Defendant in Pro Se