UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-cv-00349-D-RN

| | |
|---|---|
| RONALD JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>TOWN OF SMITHFIELD, MICHAEL SCOTT, in his individual and official capacity as TOWN MANAGER, TIMOTHY KERIGAN, in his individual and official capacity as TOWN HUMAN RESOURCES DIRECTOR, TERRY WEST, in his individual and official capacity as TOWN POLICE DEPT. LT., KEITH POWELL, in his individual and official capacity as TOWN POLICE CHIEF, MARLON LEE, in his individual and official capacity as TOWN COUNCIL MEMBER, THE JOHNSTON COUNTY SCHOOL BOARD OF EDUCATION, TODD SUTTON, in his individual and official capacity as MEMBER and FORMER CHAIR, TERRI SESSOMS, in her individual and official capacity as MEMBER, TERRY TIPPETT, in his individual and official capacity as MEMBER, MICHAEL WOOTEN, in his individual and official capacity as MEMBER, LYN ANDREWS, in her individual and official capacity as MEMBER and CURRENT CHAIR, KAY CARROLL, in his individual and official capacity as MEMBER, KEVIN DONOVAN, in his individual and official capacity as MEMBER, SUSAN DOYLE, DISTRICT ATTORNEY of JOHNSTON COUNTY, in her individual and official capacity, RICHARD HOFFMAN, in his individual and official capacity, BENJAMIN O. ZELLINGER, in his individual and official capacity as Special Prosecutor, ANGIE MCLEOD, JIMMY LAWRENCE, DAVID MARSHBURN, and the ESTATE of JOSEPH PRESTON,<br><br>  Defendants. | **BOE DEFENDANTS' JOHNSTON COUNTY MOTION TO DISMISS** |

COME NOW Defendants Johnston County Board of Education (the "BOE"),[1] Todd Sutton, Terri Sessoms, Terry Tippett, Michael Wooten, Lyn Andrews, Kay Carroll, and Kevin Donovan (collectively, the "BOE Defendants"), through counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), and the Declarations of Melody Coons and Stephen Britt filed contemporaneously herewith, and hereby respectfully move the Court for an Order dismissing the Complaint [Doc. 2] in its entirety, with prejudice. The Complaint fails to state any claim against the BOE Defendants upon which relief may be granted. The Complaint should be dismissed with respect to the three state law claims alleged against the BOE Defendants because the BOE Defendants have governmental immunity, and because the Complaint fails to state a claim.

In support of this Motion, the BOE Defendants respectfully state the following:

1. Plaintiff is a current member of the Johnston County Board of Education and was a sitting member at all times relevant to the Complaint.

2. In a long Complaint against many defendants, Plaintiff challenges only four actions of the BOE Defendants: a first censure for his secret recordings of closed session meeting; a second censure for his interference in student reassignment for personal reasons; a letter to the local District Attorney regarding the first two censures; and a third censure for inappropriate text messages Plaintiff sent to the then board attorney.

3. Plaintiff admitted to the conduct that formed the bases for the censures, as is evidenced in the Complaint itself.

4. Each censure and the letter were voted on by the Board's members in open session at a duly called meeting of the Board. All BOE Defendants acted in accordance with their ethical

---

[1] Plaintiff incorrectly names the Board in his caption as the "Johnston County School Board of Education."

obligations to uphold public trust in the school system, their oaths to faithfully administer the school laws, and their responsibilities for the education of children in Johnston County. Plaintiff now sues them for doing so.

5. The five claims brought against the BOE Defendants (two federal law claims and three state law claims) should be dismissed. The actions of the BOE Defendants were open and consistent with law.

### A. Federal Law Claims

6. Plaintiff brings two claims against the BOE Defendants pursuant to 42 U.S.C. § 1983: one for First Amendment Retaliation (Count Eight), and one for civil conspiracy (Count Fifteen), both of which should be dismissed.

7. By the Complaint's own terms, the BOE Defendants took action only after thorough investigation by outside counsel, presented in a duly called open meeting of the Johnston County Board of Education, and as an entity.

8. The First Amendment Retaliation claim should be dismissed under the unanimous Supreme Court decision in *Houston Cmty. Coll. Sys. v. Wilson*, 142 S. Ct. 1253 (2022).

9. Further, the allegations fail to connect any protected speech to the steps taken by the BOE Defendants, precluding any inference that the actions were in retaliation for Plaintiff's exercise of his First Amendment rights.

10. Additionally and in the alternative, qualified immunity bars the First Amendment Retaliation claim as to the BOE Defendants because they did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. Indeed, the Supreme Court's decision in *Wilson* put all parties on notice that censure was a lawful exercise of the BOE Defendants' rights.

11. The civil conspiracy claim should also be dismissed because the allegations fail to establish he elements of such a claim. Plaintiff fails to establish an underlying constitutional violation and the allegations do not connect the actions of the BOE Defendants to any kind of explicit or tacit understanding agreement to pursue the same conspiratorial objective.

12. Additionally and in the alternative, the BOE Defendants cannot be liable under a civil conspiracy theory for actions they took as a board of education; the intracorporate conspiracy doctrine prevents translation of corporate decision-making of the type described in the Complaint into a civil conspiracy.

**B. State Law Claims**

13. Plaintiff brings three state law claims: intentional infliction of emotional distress ("IIED") (Count Twelve), tortious interference with contract (Count Thirteen), and defamation (Count Fourteen). All three are barred by governmental immunity, and even if they were not barred by governmental immunity, should be dismissed for failure to state a claim.

14. The Board files contemporaneously herewith the Declarations of Melody Coons ("Coons Decl.") and Stephen Britt ("Britt Decl."), in support of its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(2) on grounds of governmental immunity.

15. The Board participates in the North Carolina School Boards Trust, which does not constitute a waiver of governmental immunity. Coons Decl. ¶ 3. The coverage agreement with the NCSBT contains an exclusion for intentional acts including IIED, tortious interference, and defamation, as well as exclusions for board members suing other board members and explicitly for defamation. Coons Decl. Exh A. The Board has not otherwise purchased liability insurance or waived governmental immunity. Britt Decl. ¶ 3.

16. Additionally and in the alternative, the Complaint fails to allege facts sufficient to demonstrate extreme or outrageous conduct that would support an IIED claim.

17. The Complaint fails to establish that the BOE Defendants (who were not Plaintiff's employer) induced the termination of Plaintiff's employment with the Town of Smithfield or that their actions were not altogether justified. Thus, no tortious interference with contract claim has been made.

18. The Complaint fails to establish that the statements made by the BOE Defendants were untrue or that the BOE Defendants knew them to be untrue at the time they were made, precluding a defamation claim. Indeed, the Complaint itself reveals admissions by Plaintiff supporting the conclusions that the BOE Defendants made.

19. Plaintiff disagrees with the appropriate responses to his actions, but he has not established that those responses were unlawful, unjustified, or based on untruths.

WHEREFORE, for the reasons stated herein, as well as those reasons stated in the Board's Memorandum of Law filed contemporaneously herewith, the BOE Defendants respectfully request that the Court dismiss all claims against them in this action with prejudice and enter such other and further relief as the Court may deem just and proper.

This the 8th day of September, 2023.

BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, L.L.P.

/s/Elizabeth L. Troutman
James C. Adams, II
  N.C. State Bar No. 18063
jadams@brookspierce.com
Elizabeth L. Troutman
  N.C. State Bar No. 48236

etroutman@brookspierce.com
William O. Walker IV
  N.C. State Bar No. 55200
wwalker@brookspierce.com
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Telephone: (919) 573-6204
Fax: (336) 232-9104
*Attorneys for BOE Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Court's CM/ECF system, which will send notice of filing to all counsel of record.

This the 8th day of September 2023.

    /s/ Elizabeth L. Troutman
    Elizabeth L. Troutman, NCSB 48236