IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:23-cv-00349-D-RN

| | |
|---|---|
| RONALD JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF SMITHFIELD, and DAVID MARSHBURN | ) |
| Defendants. | ) |

**JOINT FED. R. CIV. P. 26(f) REPORT**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 24, 2024, and was attended by the Heather Benjamin and June Allison, attorneys for Plaintiff; Daniel Mullins, attorney for Defendant Town of Smithfield; and David Marshburn, Pro Se Defendant.

1. **Initial Disclosures.** The parties shall exchange initial disclosures within 14 days of the entry of the Court's scheduling order in this matter.

2. **Issues for Discovery**. Discovery will be needed on all aspects of the case, including the allegations raised by Plaintiff and the defenses proffered by Defendants, and all other issues raised by the pleadings and other relevant matters within the scope of Fed. R. Civ. P. 26, including

but not limited to the following:

    a. All facts relating to the matters stated in Plaintiff's complaint;

    b. All facts related to the matters stated in Defendants' answers to Plaintiff's Complaint;

3. **Proposed Discovery Plan**. The parties jointly propose the following discovery plan:

    a. <u>Timing and Sequence of Discovery</u>. Discovery will be conducted by all parties pursuant to the Federal Rules of Civil Procedure, with consideration being afforded to the schedules of counsel, parties, and witnesses, and the dates in the discovery plan have been set with the consideration of counsel's scheduled obligations in other pending matters.

    b. <u>Discovery Responses and Objections</u>. The parties recognize and agree that the rules require that if a portion of a Rule 33 or 34 request is objectionable, the responding party must provide full answers to the portion of the request that is not objectionable, along with an objection to the objectionable portion.[1]

---

[1] Rule 34(b)(2)(C) provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." The Advisory Committee Notes for the 1993 Amendment, state "like a change made in Rule 33, the rule is modified to make clear that, if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions."

c. <u>Meet and Confer Obligations</u>. The parties agree that when a discovery dispute occurs such that a motion under Rule 26(c) or Rule 37(a) is anticipated, the party who anticipates filing a motion shall notify the other parties in writing of the nature of the dispute. Thereafter, the party sending the notice shall attempt to schedule a person-to-person discussion.

d. <u>Service</u>. The parties agree that discovery and pleadings may be served by email, or if the party is represented, by the ECF-CF system, and that all discovery requests and notices and all discovery responses shall be served on all parties.

e. <u>Confidential Information</u>. The parties agree that some information in the case may be protected by North Carolina state personnel laws. The parties agree that personnel information produced or disclosed by Defendants (or its employees) shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose. Furthermore, any documents produced which are confidential or considered as confidential shall be returned to the party producing them upon request, or if represented, to that party's counsel, within thirty (30) days after resolution of this action, or certify that such documents

3

have been destroyed, other than retaining such documents as required by law. Filing of confidential information shall be governed by Local Rule 79.2, EDNC.

f. <u>Protective Order</u>. The parties agree that they will propose a mutually agreeable confidentiality/protective order, which shall be compliant with *Hall v. United Airlines, Inc.*, 296 F.Supp.2d 652 (E.D.N.C. 2003) and Local Civil Rule 79.2, E.D.N.C., to the Court prior to the production or disclosure of such confidential information, including any such information that may be stored electronically. Neither party waives asserting any available claim of privilege, immunity, or confidentiality.

g. <u>Dates</u>. Discovery shall be commenced upon service of the parties' initial disclosures and shall be completed by **March 14, 2025**. Supplementations under Rule 26(e) shall be due within a reasonable amount of time after a party discovers new information that must be disclosed, provided, however, that during the final thirty (30) days of discovery, all supplementations will occur as soon as practicable so as not to prejudice the other party.

h. <u>Interrogatories.</u> A maximum of **25 interrogatories**

4
Case 5:23-cv-00349-D-RN   Document 117   Filed 06/11/24   Page 4 of 12

(including subparagraphs), may be propounded on each separate party by each other party, unless agreed upon by the parties. Responses are due in accordance with Fed. R. Civ. P. 33 unless extended by agreement of the parties or order of the Court and must be made as provided by the Rule 33(b)(3) to the unobjectionable portion of any interrogatory.[2]

    i. <u>Requests for Admission</u>. A maximum of **25 requests for admission** may be propounded on each separate party by each other party, unless agreed upon by the parties. Responses are due in accordance with Fed. R. Civ. P. 36 unless extended by Agreement of the parties or order of the Court.

    j. <u>Depositions</u>. A maximum of **10 depositions** by Plaintiff and a maximum of **10 depositions** by each Defendant, unless extended by agreement of the parties or by Court order. All depositions are limited to a maximum length of 7 hours, unless extended by the agreement of the parties or by Court order.

    k. <u>Expert Witnesses</u>. Plaintiff shall have until November 15,

---

[2] "If, for example, an interrogatory seeking information about numerous facilities or products is deemed objectionable, but an interrogatory seeking information about a lesser number of facilities or products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products. Similarly, the fact that additional time may be needed to respond to some questions (or to some aspects of questions) should not justify a delay in responding to those questions (or other aspects of questions) that can be answered within the prescribed time." Notes of Advisory Committee on Rules—1993 Amendment

2024, to disclose any expert witnesses. Defendants shall have until December 15, 2024, to disclose any expert witnesses.

l. <u>Electronically Stored Information and Discovery</u>. The parties anticipate discovery of electronically stored information (ESI) and have discussed certain anticipated issues relating to the disclosure or discovery of ESI and report to the Court that the parties are jointly working on an ESI Agreement and will notify the court upon its completion and request the Court incorporate the ESI Agreement by reference into the Court's Rule 26(f) Order. At this time, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

   i. medical records;

  ii. personnel records;

 iii. social media account records;

  iv. correspondence, including email correspondence or correspondence using personal or work devices and any electronically stored information, including emails and text messages, relating or pertaining to the

parties' actions regarding Plaintiff's employment status and whether maintained by Plaintiff or Defendants; and

    v. any other ESI that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes.

m. <u>Issues Regarding Privilege</u>: The parties have discussed certain issues related to claims of privilege and protection as trial-preparation material and agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that if a party withholds documents in discovery, under Fed. R. Civ. P. 26(b)(5)(A), the party must prepare a privilege log that describes the following in order to enable other parties to assess the claim.

    i. The nature of the privilege or protection claimed;

    ii. Name of the person who made and received the document or communication;

    iii. Date and place of the document or communication; and

    iv. The document or communication's general subject matter.

7

The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

**4. Other Items:**

   a. The parties do not request that a Fed. R. Civ. P. 16(b) pretrial conference be scheduled prior to entry by the Court of its case management order.

   b. The parties request that a final civil pretrial conference pursuant to Local Rule 16.1 be scheduled within 45 days of the Court's decision on any dispositive motions and at least 45 days before trial.

c. The parties shall have until **August 30, 2024,** to request leave to join additional parties or amend pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

d. Supplementations under Rule 26(e) shall be due within a reasonable amount of time after a party discovers new information that must be disclosed, provided, however, that during the final thirty (30) days of discovery, all supplementations will occur as soon as practicable so as not to prejudice the other party.

e. All potentially dispositive motions shall be filed no later than thirty (30) days after the close of the discovery period. Responses and replies, if any, shall be due in accordance with Local Rule 7.1.

f. The parties have not yet had the opportunity to consider the prospects for settlement but agree that mediation of this matter should be conducted by **February 14, 2025**, the exact date of mediation to be set by the mediator after consultation with the parties.

g. Final lists of witnesses and exhibits under Rule 26(a)(3) are due in accordance with Local Rule 16.1. Objections to lists of

witnesses and exhibits under Rule 26(a)(3) should be served in accordance with Local Rule 16.1.

h. The parties request that trial be set after dispositive motions are ruled upon. Trial of the action is expected to take approximately **five days**. A jury trial has been demanded.

i. At this time, the parties **do not** consent to use of a magistrate judge in this matter to conduct the trial.

j. The parties understand that a case management order shall be entered immediately after receipt and consideration of the parties' joint report and plan, and the issues raised in the pleadings, and that case deadlines established among the terms of the order will not be altered by the Court absent good cause shown.

Respectfully submitted, this the 11th day of June, 2024.

David Marshburn
Pro Se Defendant

**NEW SOUTH LAW FIRM**

/s/ Valerie Bateman
Valerie Bateman
valerie@newsouthlawfirm.com
  NC State Bar: 13417

June K. Allison
june@newsouthlawfirm.com
  NC State Bar: 9673

Heather A. Benjamin
heather@newsouthlawfirm.com
  N.C. State Bar: 28238

Attorneys for Plaintiff

**HARTZOG LAW GROUP LLP**

/s/ Daniel N. Mullins

DAN M HARTZOG, JR.
  N.C. State Bar No. 35330
dhartzogjr@hartzoglawgroup.com

DANIEL N. MULLINS
  N.C. State Bar No. 48227
dmullins@hartzoglawgroup.com

Attorneys for Defendant Town of Smithfield

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants.

Valerie Bateman
valerie@newsouthlawfirm.com

June K. Allison
june@newsouthlawfirm.com

Heather A. Benjamin
heather@newsouthlawfirm.com
*Attorneys for Plaintiff*

David Marshburn
agentmarshburn@gmail.com
Pro se Defendant

Respectfully submitted, this the 11th day of June, 2024.

**HARTZOG LAW GROUP LLP**

/s/ *Daniel N. Mullins*
DANIEL N. MULLINS
N.C. State Bar No. 48227
E-mail: dmullins@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Town of Smithfield*