| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | DISCOVERY PROTECTIVE ORDER |
| | ) | |
| v. | ) | FILED |
| | ) | DATE: December 14, 2023 |
| RONALD LEE JOHNSON, JR., | ) | TIME: 11:24:15 AM |
| | ) | JOHNSTON COUNTY |
| | ) | CLERK OF SUPERIOR COURT |
| | | BY: J. Coats |

THIS MATTER is before the Court on the State's Motion to Issue a Discovery Protective Order. This motion was heard by the undersigned Superior Court Judge on October 5, 2023, in which the State was represented by Special Deputy Attorney General Arneatha James and the Defendant was represented by his attorney, Walter A. Schmidlin III. For good cause shown, the motion is GRANTED.

Pursuant to N.C.G.S. § 15A-908, IT IS HEREBY ORDERED AS FOLLOWS:

1. Any and all discovery material produced to the defendant by the State in the above-captioned case, and any and all copies, notes, transcripts, documents, recordings, or other information derived or prepared from the discovery material, may be used by the defendant and defendant's counsel for any purpose consistent with this Order in furtherance of the representation of the defendant in connection with the above-captioned indictment;

2. Any and all discovery material produced to the defendant by the State and any copies, notes, transcripts, documents, recordings, or other information derived or prepared from the discovery material shall not be further disseminated by the defendant or defense counsel without further order of the Court, except that defense counsel may, without further order of the Court, disseminate to the defendant and members of the legal staff of defense counsel (which may include any employee or expert acting in concert and at the request and direction of defense counsel). Defense counsel may use any discovery material in furtherance of his representation of the Defendant, including use in witness or expert meetings or interviews.

3. This Order is entered without prejudice to the parties' right to seek a revision of the Order by appropriate motion to the Court. Further, this Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

4. In addition, it is ordered that the defendant's phone records received in discovery shall be reviewed by an independent section of the North Carolina Department of Justice. This section will receive search terms from defense counsel in order to determine if the phone

records retrieved from an iPhone in a clear case bearing model number: A2482 seized from the defendant which may contain privileged information. The potentially privileged information will be reviewed in camera by the presiding judge to make a determination as to whether the emails are in fact privileged.

So ordered, this _____ 12/12/2023 day of _____ 12/12/2023, 2023.

_____
The Honorable Thomas H. Lock
Superior Court Judge