IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
5:23-CV-349

| | |
|---|---|
| RONALD JOHNSON,<br><br>　　Plaintiff,<br><br>v.<br><br>TOWN OF SMITHFIELD et al.,<br><br>　　Defendants. | **MEMORANDUM OF LAW<br>IN SUPPORT OF<br>DEFENDANT ZELLINGER'S<br>MOTION TO QUASH** |

NOW COMES Benjamin Zellinger, by and through undersigned counsel, to provide this memorandum of law in support of his motion to quash. [DE 128]

### NATURE OF THE CASE

**A. Procedural Background Relevant to Defendant Zellinger**

Plaintiff, Ronald Johnson, commenced this civil suit in June 2023 asserting various claims against numerous defendants. One of those named Defendants is Special Deputy Attorney General Benjamin O. Zellinger. In his Complaint, Plaintiff asserted two claims against Zellinger in his individual and official capacity as Special Prosecutor: deprivation of Plaintiff's due process and Fourth Amendment rights, and abuse of criminal process. [DE 1] Plaintiff's allegations against Zellinger relate to Plaintiff's 2023 indictment on one count of felony extortion, one count of felony obstruction of justice, and three counts of misdemeanor violations of N.C. Gen. Stat. § 14-230 (willful failure to discharge duties of office).

In August 2023, Zellinger, through undersigned counsel, moved to dismiss Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(6). [DE 45] On March 28, 2024, the Court granted Zellinger's motion to dismiss and dismissed Zellinger from this action. [DE 112]

On February 20, 2025, Zellinger received a subpoena from Plaintiff's counsel, commanding production of material that is subject to a protective order. [DE 128-1] On February 28, 2025, Zellinger moved to quash the subpoena. [DE 128]

**B. Brief Statement of Facts Relevant to this Motion**

In January 2025, Plaintiff was tried on criminal charges in state court, 23CR003494-500 (Johnston County Superior Court). Zellinger, as Special Prosecutor, represented the State of North Carolina. Mr. Walter Schmidlin originally represented Plaintiff in the criminal matter; Mr. Amos Tyndall represented Defendant in the criminal trial. Plaintiff's counsel in this action did not represent Plaintiff in the criminal matter, nor was she involved in the criminal proceedings in any manner. On January 18, 2025, Plaintiff Ronald Johnson was found guilty of felony extortion, two counts of willful failure to discharge duties, and one count of felony obstruction of justice. Plaintiff was sentenced to 6 to 17 months incarceration, followed by 30 months of probation.

On or about February 20, 2025, Plaintiff's counsel in this action served subpoenas on Mr. Tyndall and Mr. Zellinger, demanding they produce the entire "criminal discovery file produced by the State to Ronald Johnson in 23CR003494-500." [DE 128-1, DE 128-2] However, the material requested is subject to a Discovery Protective Order entered by Superior Court Judge Thomas H. Lock, which only permits the requested material to be used by Plaintiff and his defense counsel in connection with 23CR003494-500. [DE 128-3, ¶ 1] Zellinger and Tyndall will provide the requested material if and when Plaintiff's counsel agrees to abide by the Protective Order. To date, Plaintiff's counsel has refused.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 45(d) sets forth the protections available to a person subject to or affected by a subpoena. In particular, Rule 45(d)(3) outlines when a court *must* quash or modify a subpoena, when it *may* do so, and when the court may direct compliance under specified conditions. Fed. R. Civ. P. 45(d)(3). Subsection (d)(3)(A)(iii) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(iii).

Federal courts that are called upon to decide a motion that involves a request to modify or terminate a protective order issued by a state court are constrained by principles of comity, courtesy, and federalism. *Tucker v. Ohtsu Tire & Rubber Co.*, No. AMD 98-1099, 2000 U.S. Dist. LEXIS 6622, *12 (Md. Dist. Ct. Feb. 18, 2000). A protective order issued by any court, state or federal, "continues to have full force and effect on the parties subject to it even after final resolution of the underlying case, and the issuing court retains jurisdiction and authority to modify or revoke it." *Id.* at *10-12 (collecting cases). Accordingly, the proper way for a party to obtain material subject to a protective order "is to move to intervene in the action in which it was issued." *Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp*, 1986 U.S. Dist. LEXIS 23161, *5 (P.R. Dist. Ct. July 7, 1986) (citing *In re Upjohn Co. Antibiotic Cleocin Products, etc.,* 664 F.2d 114, 118 (6th Cir. 1981) and *Martindell v. Int'l Tel. & Tel. Corp*, 594 F.2d 291, 293-94 (2d Cir. 1979)). Principles of comity require the federal court to await a ruling by the state court that issued the order before permitting disclosure of any protected material. *See id.*

To quash a subpoena issued under Rule 45, the moving party has the burden to specify its objections under Rule 45 and demonstrate that the subpoena satisfies at least one prong of Rule

3

45(d)(3)(A). *Wilson v. Associated Petro. Carriers, Inc.*, No. 1:21-CV-158, 2023 U.S. Dist. LEXIS 44112, *6 (W.D.N.C. Mar. 16, 2023). A district court's ruling on discovery matters will not be overturned absent a showing of a clear abuse of discretion. *E.g., Smith v. Devine*, 126 F.4th 331, 2025 U.S. App. LEXIS 1118, *16 (4th Cir. Jan. 17, 2025).

## ARGUMENT

The subpoena at issue demands Zellinger produce the State's entire discovery file in 23CR003494-500, a state court criminal matter, by March 3, 2025, at 10:00am. [DE 128-1] The subpoena should be quashed because it seeks material protected from disclosure by Order of a North Carolina state court. [DE 128-3] In addition, the subpoena should be quashed because it was improperly served, fails to provide a reasonable time to comply, and subjects Zellinger to an undue burden.

   1. **Rule 45(d)(3)(A)(iii) requires the Court to quash a subpoena that seeks disclosure of privileged or other protected matter.**

The material requested in the subpoena is subject to a protective order in the state criminal matter, invoking Rule 45(d)(3)(A)(iii). Under this rule, on timely motion,[1] "the court for the district where compliance is requires must quash or modify the subpoena." Fed. R. Civ. P. 45(d)(3)(A). The provisions of Rule 45(d)(3)(A) are mandatory. *Id.*

Privileged or protected matter generally refers to testimony or documents that, even if not privileged, are nevertheless protected from compelled disclosure. *Kohari v. Jessi,* No. 2:13-cv-09072, 2014 U.S. Dist. LEXIS 46033, *8 (Apr. 3, 2014) (quoting Vol. 9 *Moore's Federal Practice*,

---

[1] Although the Rule does not identify what makes a motion "timely," courts consider motions timely if they are filed within 14 days of receiving the subpoena or before the return date indicated on the face of the subpoena. *E.g., Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc.*, No. 5:13-cv-315, 2014 U.S. Dist. LEXIS 40676, *1 (E.D.N.C. Mar. 21, 2014).

4

§ 45.51[3] (Mathew Bender 3d ed)). Material prohibited from disclosure under a state court protective order constitutes "protected matter." *Id.*

Under North Carolina law, a state court may deny, restrict, defer, or protect from disclosure discovery material for good cause, which may include a substantial risk of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment. N.C. Gen. Stat. § 15A-908(a)

Here, the protective order in the state court criminal matter prohibits disclosure of discovery material to anyone other than counsel of record for use in connection with the criminal proceedings. *See* [DE 128-3] Specifically, the Order provides, pursuant to N.C. Gen. Stat. § 15A-908(a),

> Any and all discovery material produced to the defendant by the State in the above-captioned case, and any and all copies, notes, transcripts, documents, recordings, or other information derived or prepared from the discovery material, may be used by the defendant and defendant's counsel **for any purpose consistent with this Order in furtherance of the representation of the defendant in connection with the above-captioned indictment**;

[DE 128-3] (emphasis added).

On its face, the subpoena demonstrates Plaintiff is not seeking this protected discovery material for use in furtherance of his representation in the state court criminal matter, but rather for use in this federal civil suit. [DE 128-1] Moreover, Plaintiff's counsel did not represent Plaintiff in the criminal proceedings, nor has she agreed to abide by the Protective Order, even in the event she represents Plaintiff in the criminal proceedings moving forward (i.e., direct appeal or motion for appropriate relief).

The parties are bound by a protective order issued by a state court, even after judgment has been entered in the case to which the order applies. *See Tucker*, 2000 U.S. Dist. LEXIS 6622, *10-

5

12. This Court, too, is constrained by a protective order issued by a court in another jurisdiction, *id.* at *8, just as other courts are bound by the Protective Order in effect in this action. [DE 122]

Plaintiff has two options: (1) if Plaintiff wishes to use the discovery file to represent himself in the criminal matter, Plaintiff's counsel can agree to abide by the terms of the Protective Order [DE 128-3] and receive the full discovery file; or (2) if Plaintiff wishes to use the discovery file for purposes unrelated to the criminal matter (i.e., in this action), Plaintiff must seek modification or revocation of the protective order from the issuing court. *Puerto Rico Aqueduct*, 1986 U.S. Dist. LEXIS 23161, at *5.

Plaintiff is simply not entitled to the material demanded in the subpoena issued by Plaintiff's counsel in this civil action, and the subpoena should be quashed pursuant to Rule 45(d)(3)(A)(iii).

### 2. The subpoena is also substantively and procedurally deficient.

The subpoena should also be quashed because it poses an undue burden, fails to allow a reasonable time to comply, and was improperly served. *See* Rule 45(d)(3)(A).

Plaintiff served subpoenas on Zellinger and Plaintiff's own criminal defense attorney— who notably also refuses to produce the requested material to Plaintiff in this action. [DE 128-1, DE 128-2] The subpoena was served by Plaintiff's counsel directly to Zellinger, even though Zellinger was a named Defendant in this action and is represented by undersigned counsel. [DE 28] Aside from the fact that Plaintiff's counsel should not be communicating directly with a represented party, the subpoena conflicts with Zellinger's obligation to comply with an applicable court order. Subpoenaing Zellinger to act in a manner contrary to a court order or risk being held in contempt for noncompliance with a subpoena poses an undue burden on Zellinger as an officer of the court. *Cf. Courthouse News Serv. v. Boyce*, No. 5:23-CV-280, 2024 U.S. Dist. LEXIS

217642, *6 (E.D.N.C. Dec. 2, 2024) (explaining that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden on a person subject to the subpoena," and that the court "must quash or modify a subpoena that subjects a person to undue burden.") (citing Fed. R. Civ. P. 45(d)(1), d(3)(iv)). Finally, the subpoena commands compliance within less than 14 days—the minimum time allowed to serve objections in response to a subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B).

## CONCLUSION

For these reasons, Zellinger respectfully seeks an order from this Court quashing the subpoena sent to him on February 20, 2025.

This the 28th day of February 2025.

**JEFF JACKSON**
**Attorney General**

/s/ Laura H. McHenry
Laura H. McHenry
Special Deputy Attorney General
N.C. State Bar No. 45005
NC Department of Justice
Post Office Box 629
Raleigh, N.C. 27602
Tel: 919.716.6532
lmchenry@ncdoj.gov

*Counsel for Mr. Zellinger*