IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:23-cv-00349-D-RN

| RONALD JOHNSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| v. | ) | OF MOTION TO QUASH |
| | ) | |
| TOWN OF SMITHFIELD, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## BACKGROUND

Plaintiff Ronald Johnson filed this action against numerous defendants, including Richard Hoffman, in June 2023. [DE 1] Hoffman was sued in both his individual and official capacity based on his former role as an investigator with the Johnston County District Attorney's Office. On March 28, 2024, this Court dismissed all claims against Hoffman. [DE 112].

Despite his dismissal and retirement from public service, Plaintiff served a subpoena on Hoffman commanding him to appear for a deposition and produce records relating to Plaintiff's prior criminal prosecution (*State v. Johnson*, 23CR003494-500). These materials are subject to a Protective Order entered by the Honorable Thomas H. Lock in Johnston County Superior Court pursuant to N.C. Gen. Stat. § 15A-908, which prohibits disclosure of discovery materials to anyone other than Plaintiff and his defense counsel for use in that criminal case. [DE 128-3] Plaintiff's civil counsel did not represent him in the criminal matter and has refused to agree to the terms of the Protective Order. [DE 129, p 2]

1

## LEGAL STANDARD

A district court enjoys broad discretion in managing discovery. *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). Generally, the scope of discovery is broad, but still must be relevant, non-privileged, and proportional. Fed. R. Civ. P. 26(b)(1). Even if a nonparty has information that falls within the ordinary scope of party discovery, they "should not be drawn into the parties' dispute without some good reason." *Virginia Dep't of Corr.*, 921 F.3d at 188. A subpoena may command depositions or production of documents by non-parties, if issued in accordance with the relevant Federal Rules of Civil Procedure, but the proportionality analysis applies with a "more demanding variant." *Id.* at 189. The party issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction," if a party or attorney fails to comply. Fed. R. Civ. P. 45(d)(1).

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena" if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "[T]he ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Virginia Dep't of Corr.*, 921 F.3d at 189. On a motion to quash a subpoena, the moving party bears the burdens of proof and persuasion. *Id.*

# ARGUMENT

## I. The Subpoena Seeks Testimony and Documents Protected by a State Court Protective Order

Rule 45(d)(3)(A)(iii) mandates that a court must quash any subpoena that requires disclosure of privileged or other protected matter. The records sought by Plaintiff are protected under a Protective Order issued in the underlying state criminal case, which expressly limits use of the materials and their dissemination to Plaintiff and his defense counsel, and solely for use in connection with the defense of that criminal matter. [DE 128-3] Plaintiff's civil counsel is neither defense counsel in that case nor subject to the Protective Order.

Federal courts routinely enforce the continued validity of such state court protective orders. *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499 (D. Md. 2000). Accordingly, Plaintiff may not seek disclosure from Hoffman unless the state court that issued the protective order modifies it.

Plaintiff's attempt to circumvent the limitations imposed by the state Protective Order by seeking the same protected information through deposition testimony should likewise be rejected because the order expressly restricts dissemination of the information, which necessarily includes disclosing or discussing it during a deposition.

## II. The Subpoena Imposes an Undue Burden

Even if the subpoena were not barred by the protective order, it should be quashed under Rule 45(d)(3)(A)(iv) because it imposes an undue burden on Hoffman. Hoffman is no longer a party to this case – his motion to dismiss was granted on March 28, 2025 [DE 112] – and he is retired from public service.

First, Hoffman has no present role, authority, or custody over the records sought. *See United States v. Rosen*, 520 F. Supp. 2d 802, 809 (E.D. Va. 2007) (a litigant wishing to subpoena government documents "must serve the subpoena on the head of each agency or department, failing which the subpoena must be quashed.") Even if the subpoena for documents was not barred by the protective order, Hoffman would be unable to comply.

Second, the subpoena imposes an undue burden on Hoffman, who has been dismissed from this litigation – not only because Plaintiff failed to state a claim, but also because Hoffman was entitled to absolute prosecutorial immunity. [DE 112, p 48] Allowing discovery into the very functions protected by that immunity would undermine its purpose and render it effectively meaningless. *See e.g. Robinson v. New York City Transit Auth.*, 2020 U.S. Dist. LEXIS 116745, at *7 (S.D.N.Y. July 2, 2020) (with respect to absolute judicial immunity, it would "lose its meaning if judges were nonetheless subjected to discovery and to trial."). Hoffman should not be required to answer questions at a deposition under these circumstances.

## CONCLUSION

If Plaintiff believes the protected materials are relevant to this case, the appropriate remedy is to seek modification or revocation of the protective order from the issuing court. The appropriate way for a party to obtain material subject to a protective order "is to move to intervene in the action in which it was issued." *Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp*, 1986 U.S. Dist. LEXIS 23161, *5 (P.R. Dist. Ct. July 7, 1986) (citing *In re Upjohn Co. Antibiotic Cleocin Products, etc.*, 664 F.2d 114, 118 (6th Cir. 1981) and *Martindell v. Int'l Tel. & Tel. Corp*, 594 F.2d 291, 293-94 (2d Cir. 1979)). By refusing to follow this path and instead

4

Case 5:23-cv-00349-D-RN    Document 135    Filed 04/25/25    Page 4 of 6

serving a burdensome subpoena on a retired, dismissed official, Plaintiff seeks to accomplish indirectly what he cannot do directly.

For these reasons, Richard Hoffman respectfully seeks an order from this Court quashing the subpoena issued on April 17, 2025.

Respectfully submitted this the 24th day of April, 2025.

>JOSHUA H. STEIN
>Attorney General
>
>/s/Elizabeth Curran O'Brien
>Special Deputy Attorney General
>N.C. Department of Justice
>P.O. Box 629
>Raleigh, NC 27602-0629
>Telephone: (919) 716-6800
>Fax: (919) 716-6755
>eobrien@ncdoj.gov
>State Bar No. 28885
>*Counsel for Movant Hoffman*

**CERTIFICATE OF SERVICE**

      This is to certify that the undersigned has this day electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO QUASH** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system addressed to the following individuals:

      This the 24th day of April, 2025.

      /s/ Elizabeth Curran O'Brien
      Elizabeth Curran O'Brien
      Special Deputy Attorney General
      N.C. Department of Justice