IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-cv-349-D-RN

| | |
|---|---|
| Ronald Johnson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Smithfield et al, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF F.R. CIV. P. 54(b)
MOTION TO REVIEW ORDER [DE138]
QUASHING SUBPOENA OF RICHARD HOFFMAN**

**NOW COMES** the Plaintiff Ronald Johnson (Plaintiff or Johnson) and

moves this Court to review and reconsider the Order [DE138] entered by the

Honorable James C. Dever III filed April 28, 2025, under Fed. R. Civ. P. 54(b)

granting the Motion [DE134] to Quash the Subpoena and Notice of Deposition of

Richard Hoffman [DE134-1] filed on April 25, 2025, to the extent revision of that

Order is necessary to permit Hoffman's deposition to be taken and enforce the new

subpoena seeking only his presence at this deposition. In support of this Motion,

Plaintiff shows the Court as follows:

**NATURE OF THE CASE**

Johnson's Complaint alleged *inter alia* employment discrimination claims

against the Town of Smithfield and civil rights claims against various persons in

1

their individual and official capacity, including elected members of the the Johnston County Board of Education, the District Attorney, the NC Department of Justice Special Prosecutor, and Richard Hoffman, the detective investigating Plaintiff as part of a criminal prosecution instigated by the Board of Education. After briefing on motions to dismiss, the Court left standing Johnson's retaliation claims under Title VII against the Town of Smithfield. As to Hoffman, the Court dismissed all claims.

## STATEMENT OF FACTS

The subpoena issued on September 2, 2025, is different from the subpoena issued previously. Cf. DE134-1 to **Exhibit 2**. Thus, arguably, the Court's Order does not need to be revised. However, in an abundance of caution, Plaintiff files this motion should the Court determine that DE138 precludes the new subpoena, and in such case asks the Court to reconsider it under F.R. Civ. P. 54(b). The facts relevant to this motion, should the Court determine DE138 precludes the new subpoena, are as follows.

At the time of the Order quashing the discovery deposition subpoena to Hoffman, he was retired from public service. DE135,p1. Since that time he has returned to work. **Exhibits 3** (Stephanie Hobson Declaration) ¶2; **Exhibit** 4. The previous subpoena sought the production of records related to Plaintiff's criminal prosecution. DE135,p1. The new notice of deposition and subpoena do not request the production of any records. **Exhibit 2** (September 2, 2025 Notice of Deposition and Subpoena). In addition, Hoffman falsely stated   in its

2

memorandum to the Court that Plaintiff's counsel had "refused to agree to the terms of the Protective Order." DE135,p2. Plaintiff's counsel has repeatedly insisted that the Order entered in State Court speaks for itself and until overturned or amended, is a validly entered Order of the State court and requires any documents produced to be kept confidential until such time as the Order is amended or revised. See **Exhibit 4** (Valerie Bateman Declaration) ¶4.

During discovery, the Town produced documents connecting both West and Hoffman. **Exhibit 5** (Civil discovery documents). Hoffman's deposition testimony, for which a Notice of Deposition and Subpoena have been issued, *see* **Exhibit 2** (September 2, 2025 Notice of Deposition and Subpoena), is critical to Plaintiff's retaliation claims against the Town as it is highly relevant to the Town's motivations for exchanging information with Hoffman both before and after his termination.

## ARGUMENT

A. **Johnson Is Entitled To Relevant Discovery In The Form Of Deposition Testimony By Richard Hoffman Because Hoffman Exchanged Information With The Smithfield Police Department Both Before And After Johnson's Termination And His Testimony Is Relevant To The Town's Motivation For Doing So.**

Johnson has "live claims" against the Town, and thus as stated by the Fourth Circuit, he "may generally seek discovery from any person with relevant information, whether they are a party to the litigation or not." *Frazier v. Prince George's Cnty.*, 140 F.4th 556, 568 (4th Cir. 2025) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 n.16 (1984)). In this case, Michael Scott (Town

Manager and former police chief), Keith Powell (police chief), and Terry West (lieutenant and investigator into allegations for which Johnson was terminated) all have testified at their depositions that West and Hoffman exchanged documents multiple times both during and after Johnson's termination.

None of the previous bases for quashing the subpoena exist and support the quashing of a new discovery deposition subpoena seeking testimony from Hoffman. **Exhibit 2.** For example, no criminal discovery documents are sought to be produced by the witness and the witness is currently employed in public service and no undue burden or expense is required by the notice of deposition.

The details regarding this exchange of documents between Hoffman and West is critical to Johnson's retaliation claims because it is relevant to the mindset and intent of the Town's employees all of whom urged Johnson's termination. Johnson seeks to obtain information directly from Hoffman and while West, Scott, and Powell have given their (conflicting) versions of the exchange and the reasons therefor, Johnson is not able to obtain Hoffman's version from anyone else but him. *See Va. Dep't of Corrections v. Jordan,* 921 F.3d 180, 189 (4th Cir. 2019) (giving example that emails should be sought from party rather than the party's email provider to reduce burden on third party who is a "stranger" to the litigation and has "no dog in the fight." In this case, Hoffman may be a third party, but he was intimately connected with Johnson's termination because he provided information to the investigating officer Terry West, who also then instigated a $3500 cellphone extraction by a private entity of a phone provided to the Town by

4

Defendant Marshburn paid for by the Town. The Town paid for this extraction presumably for its own investigation, but then subsequently turned it over to Hoffman despite the District Attorney telling Town officials that she wanted nothing to do with the cellphone and would not ask the SBI to do an extraction.

The *Jordan* court also noted that the relevance **and** the party's need for it should be considered and whether the information sought (in this case, Hoffman's testimony about his discussions with Town officials and the actual documents exchanged between the Town and Hoffman) is available "from other sources" including "other third parties that would be more logical targets for the subpoena." *Id.* at 189. In this case, there is no other logical source for the Hoffman's version or recollection of discussions between West, Powell, Scott and Hoffman and the documents exchanged between them than Hoffman himself.

The discovery subpoena seeks only Hoffman's appearance at his deposition and not the production of any documents. As other courts in this circuit have noted, "the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26. *In re Travessia Securitizadora de Creditos Financeiros X S.A.*, 712 F. Supp. 3d 707, 716 (D.S.C. 2024) (quoting *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 240-41 (E.D. Va. 2012)). "Relevant information in the context of discovery is not limited to that which would be admissible at trial but rather is much broader and encompasses information that appears 'reasonably calculated to lead to the discovery of admissible evidence.'" *Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005) (quoting F.R.

5

Civ. P. 26(b)(1)) The information sought, i.e., Hoffman's testimony about his exchanges of information with the Town, is directly relevant to both the testimony given by the Town's employees and to their motive in exchanging information with Hoffman.

In addition, "[t]he movant seeking to quash or modify a subpoena bears the burden to obtain the desired remedy." 9 MOORE'S FEDERAL PRACTICE - CIVIL § 45.50 (2025) (citing *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.),* 581 F. Supp. 3d 509, 515 (S.D.N.Y. 2022) ("A movant seeking a protective order or to quash a subpoena bears the burden of persuasion."); *In re Lazaridis,* 865 F. Supp. 2d 521, 524 (D.N.J. 2011) (moving party had burden of establishing that subpoena was burdensome and unreasonable); *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (movant has burden of proof, and must meet "heavy burden" of establishing that compliance would be unreasonable and oppressive); *Diamond State Ins. Co. v. Rebel Oil Co.,* 157 F.R.D. 691, 698–700 (D. Nev. 1994) (movant did not carry burden of establishing that disclosure would involve privileged or confidential information); *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996) (person seeking to quash subpoena carries burden to show undue burden); *Northrop Corp. v. McDonnell Douglas Corp.,* 751 F.2d 395, 402 (D.C. Cir. 1984) (citing Moore's and holding Department of State did not meet its burden of showing oppressiveness of subpoena sufficiently to have subpoena quashed); *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) (bare argument that subpoena was unreasonable, without any supporting

6

affidavit or presentation of supporting evidence, was plainly insufficient to carry burden)). *Accord Insulate Am. v. Masco Corp.,* 227 F.R.D. 427, 432 (W.D.N.C. 2005) (holding "[t]he burden is on the movant to establish that a subpoena duces tecum should be quashed" and citing *U.S. v Intern. Bus. Mach. Corp,* 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). In this case, none of the reasons given by Hoffman for quashing his previous notice of deposition and subpoena currently exist and apply to this notice of deposition and subpoena.

### B. F.R. Civ. P. 54(B) Is A Mechanism For Reconsidering The Order Should The Court Conclude That Reconsideration Is Necessary To Give Effect To The New Subpoena.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." F. R. Civ. P. 54(b). In this case, Plaintiff seeks to have the Court reconsider its Order quashing the discovery deposition subpoena for Richard Hoffman. The Court granted the motion without benefit of a response from the Plaintiff and contrary to the local rules. Rule 7.1(c)(1) ) (motion to quash is discovery motion) and (c)(2) (movant must certified "there has been a good faith effort to resolve discovery disputes prior to the filing" of motion).

A district court "retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326

F.3d 505, 514–15 (4th Cir. 2003) (quoting *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment.")

"[A] district court may look to a district court may look to the Rule 60(b) principles, although it is not bound by that rule." *Allen v. Cooper*, 555 F. Supp. 3d 226, 233 (E.D.N.C. 2021), *appeal dismissed*, No. 21-2040, 2022 WL 19226124 (4th Cir. Oct. 14, 2022) This is because "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Amer. Canoe*, 326 F.3d at 514 (citing 12 MOORE'S FEDERAL PRACTICE § 60.23 ("Rule 60(b) does not govern relief from interlocutory orders....").

The district court's "power [to grant a Rule 54(b) motion] is committed to the discretion of the district court," *id.* at 514-15 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)), and doctrines such as "law of the case" standard "have evolved as a means of guiding that discretion, id, at 515 (citing *Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir.1988)). In the context of interlocutory orders, the standard "closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of "new evidence not available at trial." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998)).

*Accord Allen,* 555 F. Supp. 3d at 233. The Rule 54(b) motion also implicates discovery produced by the Town indicating the exchange of information with Hoffman and as such an Order reconsidering the previous order quashing the notice of deposition and subpoena accounts for "potentially different evidence discovered during litigation." *Carlson,* 856 F.2d at 325.

As the *Carlson* court noted, "[c]ompared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light. *Id.* (citing *Amer. Canoe,* 326 F.3d at 514-15; *Cobell v. Jewell*, 802 F.3d 12, 25-26, (D.C. Cir. 2015)). As the litigation has developed, Hoffman's testimony is now sought not as to the production of the criminal discovery used in Plaintiff's criminal prosecution, but as to his role and communications when he exchanged information with the Town both before and after Johnson's termination.

## CONCLUSION

The newly issued subpoena is not the same subpoena as previously issued and therefore not covered by DE138, the order quashing a previously issued subpoena. In addition, the deposition testimony of Richard Hoffman is highly relevant to Plaintiff's retaliation claims and therefore within the scope of permissible discovery under F.R. Civ. P. 26(b). If the Court should determine that DE138 precludes a subpoena without the modification of DE138, the motion should be granted allowing Richard Hoffman to be subpoenaed to be deposed.

Respectfully submitted, this 2d day of September 2025.

9

/s/ VALERIE L. BATEMAN                    /S/ HEATHER A. BENJAMIN
Valerie L. Bateman                        Heather A. Benjamin
NC State Bar No. 13417                     NC State Bar No. 28238
New South Law Firm                        New South Law Firm
209 Lloyd Street, Ste 350                 209 Lloyd Street, Ste 350
Carrboro, North Carolina 27510            Carrboro, North Carolina 27510
valerie@newsouthlawfirm.com               heather@newsouthlawfirm.com
Tel:  919-810-3139                        Tel:  919-969-6634
Fax: 919-823-6383                         Fax: 919-823-6383

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document complies with the applicable word limit of 8400 words or less as counted by Microsoft's word-processing software.

This 2d day of September 2025.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM

11

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 54(B) MOTION** using the CM/ECF filing system which will automatically send email notification of such filing to all counsel of record and to the following by email:

David Marshburn
Defendant Pro Se
agentmarshburn@gmail.com

Elizabeth Curran O'Brien
eobrien@ncdoj.gov
*Counsel for Richard Hoffman*

This 2d day of September 2025.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM