IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00349-D-RN

| | |
|---|---|
| RONALD JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF SMITHFIELD, et al.,<br><br>    Defendants. | MEMORANDUM IN SUPPORT<br>OF MOTION TO QUASH |

Richard Hoffman respectfully moves to quash the subpoena issued by Plaintiff on September 3, 2025, which seeks to compel his deposition in this matter. This subpoena is procedurally defective, imposes an undue burden, seeks protected information, and is barred by collateral estoppel. For these reasons, the subpoena should be quashed in its entirety.

**Summary of the Nature of the Case and Pertinent Facts**

Plaintiff Ronald Johnson filed this action against numerous defendants, including Richard Hoffman,[1] in June 2023. (DE 1) The primary conduct for which Plaintiff sought relief from Hoffman was his involvement in obtaining

---

[1] In his motion to reconsider, Plaintiff incorrectly refers to Hoffman as "the detective investigating Plaintiff as part of a criminal prosecution instigated by the Board of Education." (DE 143 p. 2). In fact, as Plaintiff's Complaint states, Hoffman was at all relevant times a Johnston County District Attorney Special Investigator, acting under the direction of District Attorney Susan Doyle. (DE 1 ¶ 59) He never acted as a detective for the Board of Education.

1

and executing a search warrant in early 2023 that allegedly lacked probable cause and was part of a retaliatory investigation, resulting in the unlawful seizure of Plaintiff's property. *See generally* DE 1, ¶¶ 312–33. This Court dismissed all claims against Hoffman, finding that the search warrant in question was supported by probable cause and the criminal proceedings had not terminated in Plaintiff's favor—both of which are required elements of a § 1983 malicious prosecution claim. *See* DE 112 at 47–48. Alternatively, the Court concluded that Hoffman, along with the other prosecutors, was entitled to absolute prosecutorial immunity. *See* DE 112 at 48 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43). This Court allowed five of Plaintiff's claims to proceed, which claims are outlined in the next section of this memo. All other claims, including all claims related to Plaintiff's criminal investigation and prosecution, were dismissed. *See* DE 112 at 49–50,64.

### *Post-Motion to Dismiss Proceedings in federal and state court*

In January 2025, Plaintiff was tried before a jury in *State v. Johnson*, Johnston County Superior Court File No. 23CR003494–500. On January 17, 2025, the jury returned guilty verdicts on charges of felony extortion, two counts of willfully failing to discharge duties, and felony obstruction of justice. Plaintiff filed a notice of appeal on January 19, 2025, and the appeal remains pending. On March 20, 2025, the North Carolina Office of Appellate Defender

appointed Amanda Zimmer to represent Plaintiff in the appeal, and she continues to serve in that role.[2]

On April 17, 2025, in this civil action, Plaintiff served a subpoena on Hoffman seeking his deposition and the production of documents related to Plaintiff's criminal prosecution. Hoffman moved to quash the subpoena (DE 134), and this Court granted that motion on April 28, 2025. (DE 138). The following day, on April 29, 2025, Plaintiff's counsel in this case filed a notice of special appearance in Johnston County Superior Court for the stated purpose of filing a motion for appropriate relief (MAR). (Exhibit 1) As of the filing of this memorandum, no MAR or other post-conviction motion has been filed in either the trial court or the appellate division. Plaintiff's criminal case remains pending on direct appeal.

On September 3, 2025, Plaintiff issued a second subpoena to Hoffman, this time seeking his deposition testimony only. (DE 142-2). Plaintiff simultaneously filed a motion for reconsideration of the Court's April 28, 2025 Order under Rule 54(b), asserting that the new subpoena is materially

---

[2] The court file in *State v. Johnson*, Johnston County Superior Court File No. 23CR003494–500 is publicly available on North Carolina's Portal. *See* https://portal-nc.tylertech.cloud/app/RegisterOfActions/#/7FF1265175CBB89D7262ACB34A8F8E3B37A8BE2FB62ACD5EE2A4F5B079B2DDC7CAD272DD2C441B6AB41D2E404710D23BFA1248B2ED4E285CA25042A195FF1ECC78D9E68BA9E2208BF9C3237FD8F6A746/anon/portalembed

3

different and that Hoffman's testimony is relevant to the Town's motivations for exchanging information with him before and after Plaintiff's termination. (DE 143). The subpoena was directed to Hoffman's former attorney, Special Deputy Attorney General Elizabeth Curran O'Brien. (DE 142-2). Ms. O'Brien informed Plaintiff's counsel that she no longer represented Hoffman and was not authorized to accept service on his behalf. (Exhibit 2) The subpoena was subsequently delivered to Hoffman via certified mail on September 11, 2025. (Exhibit 3). It sets the deposition for September 23, 2025, at 10:00 a.m. in Raleigh, North Carolina. (DE 142-2). The envelope received by Hoffman did not include a check for one day's attendance and mileage, as required by Rule 45(b)(1).

## Grounds for Relief

The Court allowed several of Plaintiff's claims to proceed. First, the Court sustained Plaintiff's Title VII retaliation claim (Count Two), finding that he plausibly alleged protected activity on July 27, 2022, when he reported that the Town's administrative investigation was based on his sex, and that his termination on October 14, 2022, was causally connected to that report. *See* DE 112 at 30–31.

Second, the Court allowed Plaintiff's ADA retaliation claim (Count Four) to proceed, holding that Plaintiff plausibly alleged he engaged in protected activity by submitting a physician's note requesting leave and that the Town's

4

conversion of his leave to unpaid status and subsequent termination constituted adverse actions. The Court found that Plaintiff sufficiently alleged but-for causation. *See* DE 112 at 33.

Third, the Court sustained Plaintiff's FMLA interference claim (Count Five) against the Town, concluding that Plaintiff plausibly alleged interference where he was required to maintain daily contact with his supervisor and cooperate with an internal investigation during his FMLA leave—conduct that exceeded permissible de minimis contact. *See* DE 112 at 36–37.

Fourth, the Court denied the motion to dismiss Plaintiff's FMLA retaliation claim (Count Six), finding that Plaintiff plausibly alleged he engaged in protected activity by requesting FMLA leave and that his termination was causally linked to that request. *See* DE 112 at 38.

Finally, the Court denied the motion to dismiss Plaintiff's defamation claim (Count Fourteen) against Defendant David Marshburn, finding that Plaintiff plausibly alleged Marshburn made multiple false and defamatory statements in livestreams and social media posts, including accusations of misconduct, blackmail, and misuse of government property, which were published to third parties and caused reputational harm. *See* DE 112 at 60–63.

5

## Legal Argument

A district court enjoys broad discretion in managing discovery. *Virginia Dep't of Corr. v. Jordan,* 921 F.3d 180, 188 (4th Cir. 2019). While the scope of discovery under Fed. R. Civ. P 26(b)(1) is broad, it is limited to:

> "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1).

Courts apply heightened scrutiny to subpoenas directed at nonparties. *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188–89 (4th Cir. 2019). Even if a nonparty has information that falls within the ordinary scope of party discovery, they "should not be drawn into the parties' dispute without some good reason." *Virginia Dep't of Corr.*, 921 F.3d at 188.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance, service, and enforcement of subpoenas. Among its requirements, a subpoena must (1) be personally served on the named individual, and (2) be accompanied by the tender of fees for one day's attendance and the mileage allowed by law. *See* Fed. R. Civ. P. 45(b)(1); see also In re Air Crash at Charlotte, 982 F. Supp.

1092, 1100–01 (D.S.C. 1997). Failure to comply with these procedural requirements renders the subpoena facially defective and subject to quashing.

In addition, a court must quash or modify a subpoena that requires disclosure of privileged or other protected information, or subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3). Discovery, including issuance of subpoenas, may not be used for improper purposes. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii). Courts must quash or modify subpoenas that impose undue burden, including those that are issued for an improper purpose. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

In evaluating undue burden, courts weigh the benefits of the discovery against the burdens on the recipient, considering:

- The relevance and marginal utility of the information sought;
- The requesting party's need for the information;
- Whether the information is available from other sources;
- The burden of compliance, including time, cost, and disruption;
- Privacy interests or confidentiality concerns; and
- Whether the subpoena is overbroad or intrusive.

*See Jordan*, 921 F.3d at 189–90. Ultimately, "the benefits of discovery to the requesting party (must) outweigh the burdens on the recipient." *Id.* at 189.

7

## I. THE SUBPOENA IS PROCEDURALLY DEFECTIVE

When a subpoena commands a witness to appear for testimony at a trial or deposition, it must be accompanied by the simultaneous tender of both the per diem witness fee and the mileage allowance. *See* Fed. R. Civ. P. 45(b)(1). Failure to tender these fees at the time of service renders the subpoena invalid, and the witness is under no obligation to appear. *See e.g. Derrick v. Trusdale*, Civil Action No. 9:20-cv-03816-MGL-MHC, 2023 U.S. Dist. LEXIS 94170, at *4 (D.S.C. Apr. 28, 2023) ("Subpoenas for attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees.").

Here, the envelope received by Hoffman did not include the required fees for one day's attendance and mileage. This omission alone renders the subpoena invalid and subject to quashing.

In addition, Plaintiff has not properly served the subpoena in accordance with Rule 45(b)(1). Federal courts are divided over whether Rule 45 requires personal service of a subpoena or permits alternative methods such as certified mail. *See Hall v. Sullivan*, 229 F.R.D. 501, 502–06 (D. Md. 2005) (collecting cases and discussing the split); *see also* Charles A. Wright & Arthur A. Miller, 9A Federal Practice and Procedure § 2454 (3d ed. 2021). The Fourth Circuit has acknowledged this division but has not resolved it. *See Newbrook Shipping*

*Corp. v. Global Mktg. Sys. (In re Newbrook Shipping Corp.),* 31 F.4th 889, 897 n.9 (4th Cir. 2022).

Here, Plaintiff first attempted to serve the subpoena by emailing it to Hoffman's former government attorney—who no longer represents him and is not authorized to accept service. This method plainly fails to satisfy Rule 45's personal delivery requirement. Plaintiff then attempted service via certified mail. However, the Fourth Circuit has not definitively recognized certified mail as a substitute for personal delivery of subpoenas.

Because Plaintiff has failed to effect proper service and did not tender the required fees, the subpoena is procedurally defective and must be quashed.

## II. THE SUBPOENA IMPOSES AN UNDUE BURDEN

When discovery is sought from non-parties, courts apply a heightened proportionality standard that weighs the need for the information against the burden imposed. *Jordan v. Comm'r, Va. Dep't of Motor Vehicles*, 921 F.3d 180, 189 (4th Cir. 2019). Plaintiff's subpoena to former defendant Hoffman fails under this standard.

First, civil discovery may not be used to harass or for any improper purpose. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii); *see also* Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iv). The context in which the subpoena was issued raises questions about whether it may be intended to serve purposes beyond the scope of the remaining claims—such as gathering evidence for use in post-conviction

challenges to his criminal convictions or supporting a potential motion for reconsideration of this Court's prior dismissal order of Plaintiff's claims against Hoffman.

Hoffman's role in this matter was limited to his capacity as an investigator for the District Attorney's Office in a criminal case that resulted in Plaintiff's conviction. As this Court has already determined, Plaintiff cannot relitigate the validity of the criminal investigation or prosecution in this civil case. All claims related to the criminal investigation and prosecution of Plaintiff were dismissed and the only claims remaining in this case are employment-based retaliation and interference claims against the Town of Smithfield and a defamation claim against a private individual.

Plaintiff's suggestion that Hoffman's testimony is relevant to the Town's "motivation" for exchanging information is speculative and legally insufficient. The relevant inquiry for the remaining claims is whether the Town took adverse employment actions in retaliation for protected activity under Title VII, the ADA, or the FMLA. Hoffman is not alleged to have had any role in the Town's employment decisions, and his testimony about document exchanges or conversations with Town officials—particularly in the context of a valid criminal prosecution—is not probative of retaliatory intent.

Further, contrary to Plaintiff's arguments in his Motion for Reconsideration, it is irrelevant that Hoffman has returned to public service.

10

He remains a non-party with no remaining claims against him, and the undue burden previously asserted still applies. If anything, his return to public service heightens that burden. Because Plaintiff's conviction is not yet final, Hoffman could be called upon to participate further in the criminal proceedings. Requiring him to sit for a deposition in this civil case—on matters already dismissed and protected by prosecutorial immunity—risks interfering with his official duties and entangling him in duplicative or conflicting litigation obligations.

In addition, Plaintiff has already deposed the Town officials who made or influenced the employment decisions at issue: Michael Scott, Keith Powell, and Terry West. These individuals can testify to their own motivations and actions. Mr. Hoffman's recollection of what they told him is not only duplicative but also likely inadmissible hearsay.

Further, Hoffman has been dismissed from this litigation—not only because Plaintiff failed to state a claim, but also because Hoffman was entitled to absolute prosecutorial immunity. (DE 112, p. 48). Allowing discovery into the very functions protected by that immunity would undermine its purpose and render it effectively meaningless. *See, e.g., Robinson v. New York City Transit Auth.*, 2020 U.S. Dist. LEXIS 116745, at *7 (S.D.N.Y. July 2, 2020) (absolute immunity "would lose its meaning if judges were nonetheless subjected to discovery and to trial").

11

Finally, the burden on Hoffman is not justified by any marginal utility. Requiring him to prepare for and attend a deposition concerning a criminal prosecution that is no longer part of the case—and that resulted in a conviction which his counsel in this case seeks to undo through the filing of an MAR—imposes an undue burden. The information sought is irrelevant, cumulative, or obtainable from other sources. The Town's decision-makers have already testified. The remaining claims in this case are unrelated to Hoffman's conduct, and it is unclear what Plaintiff hopes to obtain from him that is relevant to those claims. If anything, to the extent Plaintiff's dismissal was connected to the criminal prosecution, that fact undermines his theory that he was terminated in retaliation for engaging in protected activity under Title VII, the ADA, or the FMLA.

Accordingly, the subpoena imposes an undue burden and should be quashed.

### III. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS INFORMATION PROTECTED BY PRIVILEGE

The subpoena must also be quashed because it seeks information that is protected by testimonial privilege, which flows directly from the absolute prosecutorial immunity this Court has already recognized.

Courts in this Circuit have recognized that testimonial privilege is a necessary corollary to absolute immunity, shielding former officials from the

burden of testifying about protected functions. *See e.g. MLC Auto., LLC v. Town of S. Pines*, 2007 U.S. Dist. LEXIS 2841, at *15–20 (M.D.N.C. Jan. 11, 2007) (granting protective order barring depositions of town council members based on legislative and quasi-judicial immunity, which includes testimonial privilege); Simpson v. City of Hampton, 166 F.R.D. 16, 18–19 (E.D. Va. 1996) (testimonial legislative privilege "is an outgrowth of legislative immunity" and protects officials from being compelled to testify about their motives or conduct in protected roles).

The rationale underlying these decisions applies with equal force here. Allowing Plaintiff to depose Hoffman about conduct already deemed immune would effectively nullify the immunity itself. This concern is heightened by Plaintiff's stated intent to file a motion for reconsideration of the prior dismissal order. *See* DE 133, ¶ 6. Allowing Plaintiff to depose Hoffman now would effectively allow Plaintiff to re-litigate claims that have already been dismissed and to circumvent the protections of prosecutorial immunity through discovery.

Moreover, the potential for future involvement in the criminal case—particularly because the same counsel that issued this subpoena intends to file an MAR in the criminal case—further supports the application of testimonial privilege. Because Plaintiff's conviction is not final, Hoffman may be called upon to participate in post-conviction proceedings. Compelling his testimony

13

in this civil case risks interfering with those proceedings and entangling him in duplicative or conflicting litigation obligations.

In short, the subpoena seeks testimony that is categorically protected by testimonial privilege. That privilege, like the immunity it derives from, is designed to shield public officials from the burdens of litigation over conduct that the law has deemed immune. The subpoena should be quashed on this basis.

In addition, Plaintiff attempts to draw a distinction between the documents previously sought and the testimony now requested, but that distinction is illusory. He expressly seeks testimony about the contents of those same documents and about the substance of the criminal investigation—topics that are both privileged and protected. *See* DE 143, p. 5.

The materials at issue are subject to a protective order entered in the criminal case pursuant to N.C. Gen. Stat. § 15A-908. That order limits the use and dissemination of discovery materials to Plaintiff and his criminal defense counsel for purposes of the criminal proceeding.[3] Plaintiff has made no showing

---

[3] In his Memorandum in support of his motion for reconsideration, Plaintiff mischaracterizes the record by asserting that Hoffman "falsely stated" that Plaintiff's counsel refused to agree to the terms of the Protective Order. This is a serious and baseless accusation. Hoffman's memorandum (DE 135) accurately reflects the representation made by the Special Prosecutor in the underlying criminal case, who has firsthand knowledge of the Protective Order and the communications with Plaintiff's civil counsel. The Special Prosecutor stated unequivocally that Plaintiff's counsel had been asked to agree to the

as to why this Court should disregard that protective order. See Tucker v. Ohtsu Tire & Rubber Co., 191 F.R.D. 495, 499 (D. Md. 2000) (enforcing state court protective order and rejecting attempt to circumvent it through federal discovery). The appropriate remedy, if Plaintiff believes such information is relevant, is to seek modification of the protective order from the issuing court. *See Puerto Rico Aqueduct & Sewer Auth. v. Clow Corp.*, 1986 U.S. Dist. LEXIS 23161, at 5 (D.P.R. July 7, 1986) (citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293–94 (2d Cir. 1979)). There is no indication Plaintiff's counsel has done that, despite making a special appearance in the criminal matter the day after this Court quashed the prior subpoena for Hoffman's testimony.

## IV. THE SUBPOENA IS ALSO BARRED BY PRINCIPLES OF COLLATERAL ESTOPPEL

Finally, Plaintiff's renewed attempt to subpoena Hoffman is barred by the doctrine of collateral estoppel. This Court has already considered and rejected Plaintiff's prior subpoena to Hoffman, finding that it should be quashed. That ruling necessarily involved a determination that Hoffman's testimony was not discoverable under the applicable legal standards, including relevance, burden, and privilege.

---

Protective Order and had refused. (DE 129 at 2). Hoffman's statement was based on that representation, cites to that representation, and is neither false nor misleading.
15
Case 5:23-cv-00349-D-RN    Document 146    Filed 09/17/25    Page 15 of 19

Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has already been decided in a prior proceeding where the issue was actually litigated and necessary to the judgment. *See Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998). Those elements are satisfied here.

Plaintiff's previous subpoena and current subpoena both seek deposition testimony from the same individual. The only difference is that Plaintiff now frames the request as seeking "testimony only," rather than documents. But as discussed above, the substance of the request remains unchanged: Plaintiff seeks to elicit testimony about protected documents, privileged communications, and conduct already found to be immune from discovery. Allowing Plaintiff to relitigate this issue would undermine the finality of the Court's prior ruling. The subpoena should be quashed on this basis as well.

## Conclusion

For all of the above stated reasons, the undersigned moves the Court to quash the subpoena issued to Richard Hoffman to appear and testify at a deposition in this matter.

Respectfully submitted, this the 17th day of September, 2025.

        JEFF JACKSON
        ATTORNEY GENERAL

        /s/Kristin J. Uicker
        Kristin J. Uicker
        Special Deputy Attorney General
        North Carolina Department of Justice
        Post Office Box 629
        Raleigh, North Carolina 27602
        Phone: (919) 716-6500
        Fax: (919) 716-0001
        kuicker@ncdoj.gov
        State Bar No. 41872
        Attorney for Richard Hoffman

## CERTIFICATE OF WORD COUNT

I hereby certify that this memorandum, including the body of the memorandum, headings, quotations, and footnotes, but excluding the caption, signature lines, certificate of service, and any cover page or index, contains 3,411 words, and does not exceed the 8,400 word limit on memoranda supporting motions and responsive memoranda, or in a reply memorandum does not exceed the 2,800 word limit. *See* LR 7.2(f)(3).

Respectfully submitted,

/s/Kristin J. Uicker
Kristin J. Uicker
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6500
Fax: (919) 716-0001
kuicker@ncdoj.gov
State Bar No. 41872
Attorney for Richard Hoffman

# CERTIFICATE OF SERVICE

I hereby certify that on 17 September 2025, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO QUASH and any accompanying exhibits, exhibit list, and appendix with the Clerk of Court using the CM/ECF system, which will send notification to all parties' attorneys of record, and I hereby certify that I have emailed and mailed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO QUASH, along with any exhibits, exhibit list, or appendix and exhibits to the following non CM/ECF participants:

> David T. Marshburn
> 207 N. Third St.
> Smithfield, NC 27577
> agentmarshburn@gmail.com

Respectfully submitted, this the 17th day of September, 2025.

> /s/Kristin J. Uicker
> Kristin J. Uicker
> Special Deputy Attorney General
> North Carolina Department of Justice
> Post Office Box 629
> Raleigh, North Carolina 27602
> Phone: (919) 716-6500
> Fax: (919) 716-0001
> kuicker@ncdoj.gov
> State Bar No. 41872
> Attorney for Richard Hoffman