IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-cv-349-D-RN

| | |
|---|---|
| Ronald Johnson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Smithfield et al, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

NOW COMES the undersigned counsel on behalf of the Plaintiff and moves the Court pursuant to F.R. Civ. P. 6(b) and 16 and Local Civil Rule 6.1, to Amend the Scheduling Order (amended by Order dated July 16, 2025 in DE140) to extend the deadlines for discovery and for the filing of dispositive motions by 45 days. In support of this Motion, Plaintiff shows the Court the following:

1. The Court entered an Order on July 16, 2025, extending the deadline for completing discovery until September 27, 2025, and for filing dispositive motions, until October 27, 2025. (DE140)

2. The parties have been diligently engaging in discovery as shown in **Exhibit 2.** Despite this diligence, multiple issues regarding discovery remain unresolved.

1

Fed. R. Civ. P. 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; . . ." Plaintiff is moving to amend the scheduling deadlines prior to the expiration of the deadlines.

3. There is good cause for an extension of the deadlines in this case due to these issues which include the following:

   a. Pending production of documents subpoenaed from the individuals hired by the Johnston County board of education (BOE) to investigate Plaintiff which resulted in the censures upon which the Town relied when dismissing Plaintiff; **Exhibit 3.**

   b. Pending production of documents subpoenaed from the board of education relating to the investigations of Plaintiff which resulted in the censures upon which the Town relied when dismissing Plaintiff; **Exhibit 4**

   c. Pending production of documents purporting to be the notebook provided the grievance appeals committee in a bates-stamped format delivered at the deposition on Friday, September 26, 2025, by Defendant. **Exhibit 5**

   d. Pending motion to amend protective order in State court allowing disclosure of non-confidential information. **Exhibit 6**

   e. Pending resolution of Motion to Quash notice of deposition and subpoena

2

to Richard Hoffman.  **Exhibit 7**

### Information from BOE and BOE Investigators (3a and b)

4. Plaintiff issued a subpoena to the BOE on April 21, and certain individuals who worked on investigations for the BOE which related to Plaintiff on April 7, 2025.

5. Objections were filed to the subpoenas.

6. After meet and confer discussions, on Friday, September 26, 2026, while the deposition of Tim Kerrigan was ongoing, the investigative attorneys sent a link to the documents which they agreed to produce.  Plaintiff's counsel has not had an opportunity to review these documents to determine if a motion to compel is necessary.  Plaintiff's counsel has also not had an opportunity to bates-stamp these documents and produce them to Defendants. **Exhibit 3.**

7. As a result of discussion between the BOE attorney and Plaintiff's counsel, the BOE attorneys agreed to produce certain documents, but indicated on Wednesday, September 24, 2025, that they would be unable to do so by September 28, 2025.  **Exhibit 4**

### Town Production of Documents Provided to the Grievance Appeal Committee (3c)

8. In response to Plaintiff's discovery request for all documents provided the grievance appeals committee, the Town initially refused to produce any documents.

> 11. [Defendant Town]: The entire file and every document, as defined in Exhibit A, provided to the appeals panel appointed to hear Plaintiff's appeal of his termination and any communications between the Town and the individual or collective members of the appeals panel regarding the appeal or any matters related to Plaintiff's termination.
>
> RESPONSE: **Plaintiff's counsel was provided a copy of the documents that were provided to the appeals panel during the hearing. Specifically, counsel for the Town handed counsel for the Plaintiff a binder of documents, as reflected in the transcript that Plaintiff produced in discovery. The appeals panel also received a binder of documents from Plaintiff's counsel.**

9. The grievance appeals committee chair read a prepared statement provided by Mr. Kerrigan that the committee had been provided the internal investigation conducted by Lt. West. **Exhibit 5**

10. Defendant Town produced documents on January 31, 2025, bates stamped 2896-3074 in RPD #11 which purported to be documents from a notebook provided the grievance appeal committee. **Exhibit 5**

11. Then, on May 21, 2025, Defendant Town produced documents bates stamped 4722-5066 labelled "Binder" which also purported to be documents from a notebook provided to the grievance appeal committee. **Exhibit 5**

12. On September 26, 2025, During the deposition of Tim Kerrigan, the Town's attorney produced a 348-page document which he indicated would be sent with Bates-stamped numbers on Monday, September 29, 2025. **Exhibit 5**

13. The Town Manager had previously testified that Mr. Kerrigan prepared the notebook for the grievance appeal committee. **Exhibit 5**

14. Tim Kerrigan testified at this deposition that he prepared the document with

4

the assistance of counsel and provided it to the grievance appeal committee.

2. Until Friday, September 25, 2025, Plaintiff ascertained no need to produce in discovery the contents of the binder provided to her and Plaintiff at Plaintiff's grievance appeal hearing.

3. Because as of Friday, September 26, 2025, four separate versions of the documents provided to the grievance appeal committee exist, Plaintiff is obligated to produce in discovery the version of the notebook provided to her by Defendant Town's counsel at Plaintiff's grievance appeal hearing which took place on November 29, 2022, due to the discrepancies between the four versions produced purporting to be the notebook provided to the grievance appeal committee.

15. The reason the discrepancy between the documents produced as the notebook provided to the grievance appeals panel is relevant and critical to Plaintiff's case is that Plaintiff was given multiple reasons for the reason he was being terminated and because under the Town's personnel handbook (DE73-1), Plaintiff is entitled to "an adequate and fair means for hearing matters of concern to Town employees." DE73-1, Art. X, § 105 ("Grievance Procedure").

16. Plaintiff was deprived of "an adequate and fair means for hearing" his appeal of his termination if the grievance panel was given different reasons to uphold this dismissal than Plaintiff was given when he was dismissed and if Plaintiff was not told of the reasons for which he was being terminated.

17. Plaintiff was provided no notice of the allegations against him prior to his

predisciplinary conference with Chief Powell on October 5, 2022. At his predisciplinary conference, he was provide a recommendation for his dismissal from Chief Powell which contained reasons Powell was recommending his dismissal. **Exhibit 5.**

18. Plaintiff was provided no notice of the allegations against him prior to his predisciplinary conference with Manager Scott on October 12, 2022. At that predisciplinary conference, which was also an investigation into new allegations against him which arose after his predisciplinary conference on October 5, 2022, he received no notice of any new allegations against him.

19. On October 13, 2022, Manager Scott drafted a "Report" in which he gave a summary of reasons why he believed Johnson was required to be terminated from his employment with the Town. Exhibit 5 (Smithfield_4882-4887).

20. On October 14, 2022, Manager Scott issued a dismissal letter which did not contain the reasons he cited in his October 13, 2022 memo. **Exhibit 5 (Smithfield_4703).**

21. On November 29, 2022, Plaintiff was given a grievance appeal hearing at which he was provided a notebook of the information the Town was urging the panel to use to uphold his termination. **Exhibit 5**

22. The grievance appeals committee upheld his termination for reasons which were distinctly different from the reasons provided in both the recommendation made by Chief Powell and his dismissal letter authored by Manager Scott. Exhibit 5.

6

Case 5:23-cv-00349-D-RN    Document 148    Filed 09/27/25    Page 6 of 11

23. The Town's attorney indicated that Mr. Kerrigan did not provide truthful testimony when he testified that he consulted with legal counsel in preparing the notebook of information for Plaintiff's grievance appeals hearing.

24. If this testimony was not truthful, and the Town's attorney knew this testimony was not truthful, the Town's attorney had an obligation to prevent or correct this testimony from being given

25. Plaintiff is entitled to additional discovery to ascertain the information upon which the grievance appeals panel relied in recommending that Plaintiff's employment be upheld.

## Non-confidential Criminal Discovery Files (3(d))

26. Plaintiff has been able to obtain access to some of the criminal discovery files, but efforts to amend the protective order in State court have been stymied by the State of North Carolina, who previously insisted that the Order must be amended. Exhibit 6. Some of these files contain impeachment and substantive evidence about the various allegations made against Plaintiff by Defendant.

27. Plaintiff needs additional time to obtain this discoverable information and provide it to the Defendants in this matter.

## Deposition of Richard Hoffman (3e)

28. In April, Plaintiff sought to take the deposition of Richard Hoffman, the detective assigned to Plaintiff's criminal case. At that time, Plaintiff was unaware exchanged documents with his employer.

29. the Plaintiff filed a motion to reconsider the previous Order (DE138) entered quashing a subpoena to Richard Hoffman entered on April 28, 2025.

30. The State has also filed a motion to quash the original subpoena issued to the detective assigned to Plaintiff's criminal case who exchanged documents with his employer. **Exhibit 7.** The detective's testimony about the documents provided to the detective by the Town to assist with the State's criminal prosecution is essential to Plaintiff's retaliation case.

31. This motion to extend time is not for the purpose of undue delay. The purpose of the motion is to allow the production of information sought in discovery by both parties to be produced in order to have a full record before dispositive motions are filed with the Court.

32. "[T]he question of what constitutes 'good cause' necessarily is determined on a case-by-case basis within the discretion of the district court, [and] courts have declined to give it a concrete definition . . . ." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 306 (4th Cir. 2016).

33. Factors to be considered include whether the delay was outside the plaintiff's control, whether the defendant was evasive, whether the plaintiff acted diligently or made reasonable efforts, whether the defendant will be prejudiced, and whether the plaintiff asked for an extension of time under Rule 6(b)(1)(A). *Id.* The delay in discovery is the result of matters outside of Plaintiff's control.

34. Defendants can show no prejudice resulting from the extension of the deadlines

due to their own request for an extension of time and their recognition that the need to obtain the criminal discovery file is necessary for Plaintiff to provide fulsome responses to the Defendant's discovery requests. In fact, the Town's allegation that Plaintiff was in possession of Town property, i.e., a cell phone belonging to the Town, was itself used as an allegation in a search warrant which was executed on and resulted in the seizure of Plaintiff's property, and which seized a phone, the contents of which are highly relevant to Defendant's motives not only in terminating Plaintiff but in allegedly continuing post-termination retaliation.

35. The reason for the delay is simply the fact that the discovery had not proceeded in a linear fashion and has been delayed for a variety of reasons. In addition, discovery is ongoing and will be difficult, if not impossible, to complete prior to the currently existing discovery deadline given that the criminal discovery files are, upon information and belief, voluminous and will need to be reviewed prior to production and due to the delay resulting from Defendants' extended time to respond which, to be clear, Plaintiff does not begrudge, given that Plaintiff needed extensive additional time to respond to Defendants' first set of discovery requests.

36. Defendants have been consulted regarding their position on this motion and have indicated that they oppose the extension of the deadlines.

WHEREFORE, Plaintiff respectfully requests an amendment of the deadline to conduct discovery for 45 days for the good cause as provided herein.

9

Respectfully submitted, this 27th day of January 2025.

/s/ VALERIE L. BATEMAN
Valerie L. Bateman
NC State Bar No. 13417
valerie@newsouthlawfirm.com
Tel: 919-810-3139

/S/ HEATHER A. BENJAMIN
Heather A. Benjamin
NC State Bar No. 28238
[heather@newsouthlawfirm.com](heather@newsouthlawfirm.com)
Tel: 919-969-6634

NEW SOUTH LAW FIRM
209 Lloyd Street, Ste 350
Carrboro, North Carolina 27510
Fax: 919-823-6383

10

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER** using the CM/ECF filing system which will automatically send email notification of such filing to all counsel of record and to the following by email:

>David Marshburn
>Defendant Pro Se
>agentmarshburn@gmail.com

This 27th day of September 2025.

>/S/ VALERIE L. BATEMAN
>Valerie L. Bateman
>NEW SOUTH LAW FIRM