IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:23-cv-00349-D-RN

| | |
|---|---|
| RONALD JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>)<br>v. )<br>)<br>TOWN OF SMITHFIELD, and DAVID )<br>MARSHBURN )<br>)<br>Defendants. ) | **DEFENDANT TOWN OF SMITHFIELD'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER** |

Defendant Town of Smithfield, by and through the undersigned counsel, responds to Plaintiff's Corrected Motion to Amend Scheduling Order (DE 149). For the foregoing reasons, Defendant Town does not oppose a modest continuance of the discovery deadlines as the Town has recently supplemented their production to include primarily emails regarding scheduling with the grievance panel. However, Defendant opposes any longer continuance as no good cause exists, and any further delay has been caused by Plaintiff's lack of diligence.

**RELEVANT FACTUAL HISTORY**

On or around June 27, 2023, Plaintiff filed this lawsuit against the Town and 20 other defendants, including against Detective Richard Hoffman and the Johnston County School Board of Education. DE 1. On March 28, 2024, the Court dismissed all defendants except for the Town of Smithfield and Defendant David Marshburn. DE

112. The parties conducted the Rule 26(f) conference on June 11, 2024 and the scheduling order was issued July 1, 2024. DE 118.

At all times following the ruling on the Motions to Dismiss, there have been four claims against the Town (Count 2: Title VII retaliation; Count 4: ADA retaliation; Count 5: FMLA interference; and Count 6: FMLA retaliation) and one against Defendant Marshburn (Count 14: Defamation).

During the course of this litigation, the discovery deadline has been extended multiple times for good cause. *See* DE 131, 137, 140. The original discovery deadline was March 14, 2025. DE 118. After multiple extensions, discovery closed on September 27, 2025, and the dispositive motion deadline is October 27, 2025. As set forth below, the Town does not oppose a two-week extension to give Plaintiff an opportunity to conduct a deposition regarding these documents if they deem it necessary, but the 45 day extension sought by Plaintiff's counsel is not reasonable and will only serve to further prolong and delay this matter.

## LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a schedule entered by court order "may be modified only for good cause and with the judge's consent." The good cause standard "does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence." *Benbow v. Ingram*, No. 7:23-CV-292-M, 2024 U.S. Dist. LEXIS 160622, at *5 (E.D.N.C. Aug. 30, 2024).

2

### I. Plaintiff Has Failed To Demonstrate Good Cause for a 45-day extension of the deadlines.

Plaintiff sets forth five bases for good cause to continue the discovery deadline. The Town responds in kind to each of those.

#### a. Plaintiff has not demonstrated good cause based on his failure to timely seek documents from the Board of Education.

In his motion, Plaintiff first attempts to show good caused by referencing the "Pending production of documents subpoenaed from the individuals hired by the Johnston County board of education (BOE) to investigate Plaintiff which resulted in the censures upon which the Town relied when dismissing Plaintiff[,]" and "Pending production of documents subpoenaed from the board of education relating to the investigations of Plaintiff which resulted in the censures upon which the Town relied when dismissing Plaintiff." Based on the exhibits provided by Plaintiff in their motion, it is unclear if Plaintiff has received this information. In any event, as of this filing, this information has not been provided to the Town.

Regardless of whether Plaintiff has received these documents, Plaintiff refers to subpoenas submitted in April 2025, after the initial discovery deadline, in support. However, Plaintiff has known since his termination in October 2022 that these censures were at issue and has had since discovery began in July 2024 to obtain this information from the Board of Education. Plaintiff even acknowledged in his Complaint that the "Town relied upon these censures…." See DE 1, pg. 104, ¶ 120. At no time prior to the filing of Plaintiff's Motion was the Town even aware that Plaintiff was still seeking this information from the Board of Education. Plaintiff

cannot show diligence related to obtaining these documents as he has had more than a year to obtain this information and appears to have not obtained them until after the fourth discovery period closed.

### b. The Town's supplemental production may warrant a modest increase of the discovery deadline.

Plaintiff next offers the reason of "Pending production of documents purporting to be the notebook provided the grievance appeals committee in a bates-stamped format delivered at the deposition on Friday, September 26, 2025, by Defendant." As Plaintiff appears to indicate, this information was provided to Plaintiff's counsel at the time of Mr. Kerigan's deposition and Plaintiff's counsel went through that document with the witness.

Defendant denies the characterization of the production of these documents, including the document labelled "Binder" which was produced not in response to RPD #11, but instead RPD #12 which were documents considered by the Town. In his motion, Plaintiff acknowledged that he had some confusion regarding the grievance panel as early as May 2025 and had four months to take any necessary depositions. *See* DE 149 ¶ 11.[1] After that time, Plaintiff deposed the Town Manager, the former Town Human Resources Director, the former Town Chief of Police, and the former Town Lieutenant involved in Plaintiff's internal affairs investigation. At no time has the Town ever objected to the Plaintiff seeking to depose any witness.

---

[1] Defendant denies that Mr. Kerigan provided any untruthful testimony.

4

Regardless, the Town recognizes that this information was provided at the close of discovery and is willing to extend the deadline for 14 days.[2] Related to this extension, the Town also recently supplemented their discovery production to include approximately 70 communications. When the Town originally responded to discovery in January 2025, they had asked Plaintiff to provide search terms in an effort to ensure all documents Plaintiff was seeking were being provided. When Plaintiff did not provide search terms, in May 2025, the Town conducted a search for documents regarding Johnson from 2022 to the present and produced in excess of 1,700 emails. Plaintiff subsequently provided search terms in early September 2025, which led to the location of additional documents, the majority of which never mentioned Johnson, but instead dealt with attempting to and scheduling with the grievance panel. Plaintiff also supplemented their discovery production on September 29, 2025 and appears to have added to this production on October 2, 2025.

### c. Plaintiff's failure to produce and obtain his own criminal file does not support a 45-day extension.

Plaintiff's next reason purporting to show good cause to extend the discovery deadline is based on Plaintiff's pending motion to amend the protective order in his criminal case. However, Plaintiff's own failure to obtain these documents during the discovery period does not support allowing him to continue the discovery deadlines.

---

[2] As Plaintiff noted in their motion, Plaintiff did receive a copy of a mistakenly scanned in binder in January 2025. Plaintiff would have had knowledge of the difference between these two documents at this time.

5

On September 26, 2025, during the deposition of Tim Kerigan, for the first time, counsel for the Plaintiff indicated that there were not only documents responsive to the Town's discovery requests that the Plaintiff had in his possession as a result of the criminal case, and which were not identified in any disclosures or discovery responses, but that Plaintiff intended to use those documents in his civil case. While Plaintiff's counsel maintains that these documents are subject to the protective order in the criminal case, Plaintiff did not seek leave to amend that protective order until on or about September 18, 2025—approximately 10 days before the close of discovery in this case.[3] *See* DE 149-6. The motion in the criminal case does not set forth that Plaintiff intends to use the information from his criminal case in his civil case. Counsel for the Defendant is not aware that a Notice of hearing has been filed for that protective order.

Plaintiff failed to identify these files in discovery, despite being responsive to discovery requests. For example, on July 1, 2024, Defendant Town served their first set of discovery requests on the Plaintiff, asking for all documents regarding any of the Defendants in the case, which would have included Detective Hoffman. Initially, Plaintiff only produced documents and did not provide written responses to the interrogatories or requests for production of documents. On December 2, 2024, Plaintiff provided written responses to the request for production. Plaintiff did not

---

[3] The Town understands that there may have been confusion as to which court for the Plaintiff to file the motion due to the criminal appeal.

raise any objections to any of the discovery requests from the Town. Plaintiff's response is below:

> 1. All documents in your possession from and/or regarding the Defendants, including but not limited to the Defendants that have been dismissed from the case. This request includes, but is not limited to, any communications in your possession.
>
> RESPONSE:
>
> Please see Johnson_0001-1699 for documents related to the allegations in the Complaint and the defenses in the Answer.

Despite being aware of the criminal file, at no time has Plaintiff amended this response or his initial disclosures to reference any additional documents from his criminal case or to otherwise indicate to the Town that he had such documentation that he intended to rely on. In February 2025, Plaintiff filed their Motion to Amend the Scheduling Order indicating that "Plaintiff's attempts to procure full and complete disclosures of those [criminal] files have not been successful. Likewise, Plaintiff's attempts to obtain the property seized by the State for use in his criminal trial have been unsuccessful as the State has refused to respond to Plaintiff's counsel's requests for the return of Plaintiff's property." DE 126 ¶ 19. Counsel for the Town now understands that at some time after the February 2025 motion was filed, Plaintiff's counsel has obtained access to at least some of this information.

Plaintiff did not file his Motion regarding the protective order until a few days before the close of discovery in this case and does not appear to have noticed that motion for hearing. Plaintiff further has not supplemented any of their discovery responses such that the Town knows what documents Plaintiff may be relying on and

7

has withheld. Presumably, Plaintiff, through his criminal counsel, had knowledge of any and all of these documents prior to his criminal trial in January 2025. To delay his civil case because he cannot use documents that he has had in his possession for months and failed to notify the Defendants about is not good cause or diligence to support Plaintiff's motion to extend the deadlines.

### d. Plaintiff has not diligently sought the deposition of Richard Hoffman.

Finally, regarding the pending Motion to Quash the subpoena of Richard Hoffman, Plaintiff noticed Hoffman's deposition for September 23, 2025 at counsel for the Town's law office in Raleigh. At the time the deposition was scheduled, the Court had not ruled on Hoffman's motion to quash. On September 23, 2025, Plaintiff's counsel was not present for the deposition and did not send out any written notice cancelling the deposition. By failing to attend the deposition, there is no good cause to continue this matter on those grounds. Plaintiff has also known about Detective Hoffman's involvement in the case from the onset, as he was sued and named as an individual involved in the alleged civil conspiracy.

## CONCLUSION

Plaintiff has not presented good cause for continuing the discovery deadlines beyond a modest extension. For these reasons, Defendant requests that, if an extension is granted, it is limited to 14 days from the date of any order.

This the 11th day of October, 2025.

**HARTZOG LAW GROUP LLP**

/s/ *Dan M. Hartzog, Jr.*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
DANIEL N. MULLINS
N.C. State Bar No. 48227
E-mail: dmullins@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Town of Smithfield*

## CERTIFICATE OF WORD COUNT

 I certify that this Memorandum complies with the word count limit set forth in Local Civil Rule 7.2(f). The number of words in this Memorandum, exclusive of the caption, signature lines, certificate of service, certificate of word count, and any cover page or index, does not exceed 2,800 words, according to the word count function of the word processing software used to prepare the Memorandum.

 Respectfully submitted this the 11th day of October, 2025.

        **HARTZOG LAW GROUP LLP**

        <u>/s/ *Dan M. Hartzog, Jr.*</u>
        DAN M HARTZOG, JR.
        N.C. State Bar No. 35330
        E-mail: dhartzogjr@hartzoglawgroup.com
        DANIEL N. MULLINS
        N.C. State Bar No. 48227
        E-mail: dmullins@hartzoglawgroup.com
        2626 Glenwood Avenue, Suite 305
        Raleigh, NC 27608
        Telephone: (919) 670-0338
        Facsimile: (919) 714-4635
        *Attorney for Defendant Town of Smithfield*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants.

Valerie Bateman
June K. Allison
valerie@newsouthlawfirm.com
june@newsouthlawfirm.com
*Attorneys for Plaintiff*

David Marshburn
agentmarshburn@gmail.com
Pro se Defendant

Respectfully submitted this the 11th day of October, 2025.

**HARTZOG LAW GROUP LLP**

/s/ *Dan M. Hartzog, Jr.*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
DANIEL N. MULLINS
N.C. State Bar No. 48227
E-mail: dmullins@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Town of Smithfield*