IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-349-D

| | |
|---|---|
| RONALD L. JOHNSON, JR., <br> Plaintiff, <br><br> v. <br><br> TOWN OF SMITHFIELD, et al., <br> Defendants. | DEFENDANT DAVID MARSHBURN'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT |

Defendant David Marshburn ("Marshburn") submits this statement of material undisputed facts in support of his motion for summary judgment pursuant to Local Civil Rule 56.1(a)(1).

1. On 28 March 2024, the Court entered its order dismissing plaintiff's claims, except select claims against the Town of Smithfield ("Smithfield") and one claim against David Marshburn ("Marshburn") for defamation. [D.E. 112] (the "MTD Order").

2. Plaintiff alleges that certain statements made by Marshburn were defamatory. (MTD Order, pp. 60-62).

3. Of these statements, Plaintiff failed to allege that the following were false:

- Plaintiff was the "golden boy" who exposed a lot of people in 2019 after getting elected to the Board of Education;

- Plaintiff engaged in an extramarital affair;

- Plaintiff preemptively took out papers against his mistress asserting false allegations to silence her;

- Plaintiff is a "predator";

- The Town of Smithfield gave Plaintiff the option to resign or be terminated;

- Plaintiff attended therapy.

*Id.* at 60-62.

(the "Unchallenged Statements").

4. The remaining statements which Plaintiff alleges are false include:

- Marshburn's statement that plaintiff used government property to record conversations for non-governmental purposes;

- Marshburn's statements in a 7 July 2022 webcast that: (1) plaintiff used government property for personal gain; (2) plaintiff extorted people and could be arrested for extortion; (3) through his influence with the CAAG[1], plaintiff bribed people by promising things in exchange for their support of plaintiff; (4) plaintiff intimidated some people into working the polls for him; (5) plaintiff attempted to have his mistress dig up dirt on people like DeVan Barbour by having sex and securing incriminating pictures and video to use for extortion.

*Id.* at 62 (the "Challenged Statements").

---

[1] A subset of the Johnston County Republican Party, with the stated mission of holding government accountable to citizens for their actions. (T p 344).

5. On January 17, 2025, the jury in Plaintiff's criminal trial[2] (the "Criminal Trial") returned guilty verdicts on charges of felony extortion, two counts of willfully failing to discharge duties, and felony obstruction of justice. (T pp 1201-02).

6. Making secret recordings on school system property is a violation of policy of the Johnston County Board of Education ("BOE"). (T pp 681-82).

7. Plaintiff admits to recording a closed session of the BOE. (T pp 1119-20).

8. The jury instructions in the Criminal Trial provide that recording a closed session of the Johnston County Board of Education could be grounds for a guilty verdict on the charge of willful failure to discharge duties. (T p 1192).

9. Plaintiff also admits to making 76 secret recordings of various people on various devices, including government-issued cell phones, some of which were done for personal and not official police purposes (such as

---

[2] *See State v. Johnson*, Johnston County Superior Court File No. 23CR003494–500, the court file of which is publicly available on North Carolina's electronic filing system (Odyssey) at: https://portal-nc.tylertech.cloud/app/RegisterOfActions/#/8FE25539063D68033B394538397B7289E9381452EDADFD6E8A7D642FB47FCC21D4CDFDE690534BADB8BC9990643CD34E7679C770D8A66CD308658676B5C3BE0DE494EBB0B5D75F3E48E1070A43162CF3/anon/portalembed. Marshburn requests that the Court take judicial notice of this criminal file. *See* Fed. R. Evid. 201.

recordings of Angie Barbour and school board members), and which he retained on his personal iCloud account after his employment was terminated and he returned the phones to his employer (Smithfield PD). (T pp 1080-82).

10. Plaintiff admits to having an extramarital affair with Angie Barbour. (T pp 1069, 1092).

11. Plaintiff admits to secretly recording a conversation with Angie Barbour in which Ms. Barbour described allegedly inappropriate communications political candidate DeVan Barbour made to her. (T pp 1095-96).

12. Plaintiff was a public official and figure as a police officer and member of the BOE. (Marshburn dep. 108:8-10; 137:9-10; 158:4-5; 316:15-25).

13. Marshburn testified that he does not have anything personal against Plaintiff, but his motivation was simply to hold Plaintiff, a public figure, accountable to the taxpayers. (Marshburn dep. 316-17).

14. Plaintiff does not allege that Marshburn entertained any doubts about the truth of the Challenged Statements. [D.E. 1].

15. In his deposition testimony, Marshburn never wavered in his belief that the Challenged Statements are true. (Marshburn dep. 111:3–5; 112:12–16; 129:8–131:8; 158:15–159:11; 218-22; 300: 2–24).

16. Marshburn had no role in either the Smithfield Police Department or Johnston County Board of Education and thus no vote on either organization's decision to terminate Plaintiff. (Marshburn dep. 110, 194-95).

Respectfully submitted, this the 27 day of October, 2025.

David Marshburn, *pro se*