IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:23-cv-00349-D-RN

| RONALD JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT TOWN OF SMITHFIELD'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE TIME TO FILE HIS PROPOSED AMENDED COMPLAINT (DE-168)** |
| v. | | |
| TOWN OF SMITHFIELD, and DAVID MARSHBURN | | |
| Defendants. | | |

Defendant Town of Smithfield, by and through the undersigned counsel, responds to Plaintiff's Motion to Extend the Time to File his Proposed Amended Complaint (DE-168). For the foregoing reasons, Defendant Town opposes any amendment to Plaintiff's Complaint. Defendant is separately filing a Memorandum in Opposition to Plaintiff's Motion for Reconsideration.

## RELEVANT FACTUAL HISTORY

On or around June 27, 2023, Plaintiff filed this action against the Town and 20 other defendants. DE-1. On March 28, 2024, the Court issued an Order on all Defendants pending motions to dismiss. At that time, the Court dismissed 19 defendants and 10 causes of action. DE-112.

On July 1, 2024, the Court entered a scheduling Order indicating that motions to amend the pleadings "must be made promptly after the information giving rise to

the motion becomes known to the party or counsel. Any such motion filed after August 30, 2024 must meet the standards of Fed. R. Civ. P. 15 and 16." DE-118.

On October 27, 2025, Defendants Marshburn and the Town timely filed their Motions for Summary Judgment. DE-155, DE-159.

That same day, at approximately 10:59 PM, after the motions for summary judgment had been filed and while the Town was filing their other supporting documents, counsel for Plaintiff emailed Defendants to request their consent to extend the time to file his proposed amended complaint, which did not include a copy of the proposed amended complaint. *See* Ex. A, 2025.10.27 Email Correspondence.

Shortly thereafter, at approximately 11:30 PM on October 27, 2025 and after Defendants had filed all their supporting summary judgment documents, Plaintiff filed Plaintiff's Motion to Review Order, DE-112 Under F.R. Civ. P. 54(b), which requested reconsideration of dismissal of Plaintiff's section 1983 and 1985 claims against Defendants Benjamin Zellinger, Susan Doyle, David Marshburn, Todd Sutton, Richard Hoffman, Terry West, Keith Powell, Michael Scott, and Angela McLeod Barbour (DE-166), a CM/ECF labelled Motion to Amend/Correct Complaint (DE-168), and a Motion to Extend the Time to File His Proposed Amended Complaint (DE-170).

Plaintiff's Motion to Amend/Correct Complaint (DE-168), while identified as such in the CM/ECF, is identical to DE-170 and captioned as "Plaintiff's Motion to Extend the Time to File His Amended Complaint." As of this filing, Plaintiff has not

2

Case 5:23-cv-00349-D-RN     Document 187     Filed 12/17/25     Page 2 of 15

filed a Motion to Amend the Complaint although he did file a brief related to the unfiled motion (DE-169).

On November 3, 2025, Plaintiff filed an additional extension of time, requesting one (1) additional day to file his proposed Amended Complaint. DE-171. On November 4, 2025, Plaintiff filed a Proposed Amended Supplemented Complaint. DE-172. Plaintiff did not include a redline or marked up version of the proposed Amended Complaint.

On November 19, 2025, the Court granted the motions for extension of time for Town of Smithfield [DE-173], Susan Doyle and Richard Hoffman [DE-174], and Benjamin O. Zellinger [DE-177]. This made the Town's response to DE-166 and DE-168 due on December 17, 2025. The Court subsequently granted the Johnston County Board of Education's, Todd Sutton's, Lyn Andrews's, and Kevin Donovan's (collectively, the "BOE Defendants") Motion for Extension to respond to DE-166 and DE-168 also due on December 17, 2025. DE-180.

On December 15, 2025, two days before the Defendants' responses were due and more than six weeks from when Plaintiff first filed a purported Motion to Amend, Plaintiff filed their Redlined version of the Proposed Amended Supplemented Complaint. *See* DE-184.

On December 16, 2025, the Court denied Plaintiff's pending motion to again amend the scheduling order to continue the discovery deadlines. DE-185. The discovery period is now closed.

3

## LEGAL ARGUMENT

### A. Plaintiff's Proposed Amended Complaint Is Procedurally Defective.

Plaintiff's proposed Amended Complaint should fail for two procedural reasons:1) Plaintiff has failed to file a Motion to Amend; and 2) Plaintiff has failed to comply with the Local Rules.

#### *1. Plaintiff Has Not Actually Filed a Motion to Amend.*

First, Plaintiff has not filed a Motion to Amend pursuant to Rule 15. While Plaintiff has pled that he has filed a Motion to Amend (*see* DE-168 ¶ 7), no motion has been filed. Instead, on three different occasions, Plaintiff filed "Plaintiff's Motion to Extend the Time to File His Amended Complaint." *See* DE-168, DE-170, and DE-171. Through its Motion for Extension of Time, Defendant Town notified Plaintiff about his error. *See* DE-173 ¶ 5. Other Defendants also notified Plaintiff of his filing error. *See* DE-174 ¶ 3; DE-177 ¶ 4. However, to date, Plaintiff has not moved to amend. Because Plaintiff has yet to request leave to amend and has been informed of his error for more than six weeks, Plaintiff's Motion should be denied.

#### *2. Plaintiff Failed to Comply with the Local Rules.*

Even if Plaintiff had filed a Motion to Amend, his proposed Amended Complaint still fails because it did not abide by Local Rule 15.1(a)(ii). L.R. 15.1 requires that a moving party *shall* attach to the motion "a form of the amended pleading that indicates in what respect it differs from the pleading that it amends by bracketing or striking through text to be deleted and underlining or highlighting text to be added."

4

In his multiple motions related to the filing of a proposed Amended Complaint, Plaintiff acknowledged his responsibility to file a strike through version of the Amended Complaint. *See* DE-168 ¶ 4 ("Five days is a reasonable amount of time to extend the deadline for the filing of the proposed amended complaint and strike-through version required by Local Civil Rule 15.1."); DE-170 ¶ 4 (same language); DE-171 ¶ 5 ("In this case, the end of the last day that is not a Saturday, Sunday, or legal holiday, is today, Monday, November 3, 2025, and thus, the time for filing the proposed amendment complaint and strike-through version pursuant to Local Civil Rule 15.1 has not expired."). The BOE Defendants also notified Plaintiff about his failure in their Motion for Extension of time. *See* DE-176 ¶ 8 ("Plaintiff has still not filed a 'redline' version of his proposed Amended Complaint as required by Local Civil Rule 15.1(a)(2)."). Despite having clear knowledge of his requirements, Plaintiff failed to act in accordance with Court requirements.

That failure is significant as the proposed Amended Complaint is substantially different from the already voluminous original Complaint. The proposed Amended Complaint contains approximately 1,200 paragraphs (approximately 700 more than in the original Complaint), is 268 pages, removed two deceased defendants (Estate of Joseph Preston and Marlon Lee), added two defendants (Arneatha James and Thomas Bennett Jones), does not include any of the attachments from the original Complaint, and removed two causes of action (abuse of process and intentional infliction of emotional distress). Plaintiff never requested additional time to file a strikethrough portion of his proposed Amended Complaint.

For these reasons, Plaintiff's proposed Amended Complaint fails and should be denied. Plaintiff has had weeks to cure these deficiencies, been informed of his errors, and waited until just before the Defendants' responses were due to take any remedial action. This is consistent with the Plaintiff waiting until after the Defendants moved for summary judgment to file his Motion to Amend. Plaintiff's dilatory filings should not be rewarded by receiving additional time to abide by the Rules of Civil Procedure and the Local Rules, which he was aware of and acknowledged in his own pleadings.

**B. Plaintiff's Motion to Amend is Futile, as it attempts to assert claims that have already been dismissed.**

Regardless of the procedural issues, any attempt by Plaintiff to amend his Complaint to reassert claims that have already been dismissed with prejudice should be denied as futile.

Rule 15(a) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). An amended complaint is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Plaintiff appears to have requested reconsideration on part of Plaintiff's First and Fourth Amendment claims (Counts 7 – 9 in the original and Amended Complaint) and Civil Conspiracy (Count 15 in the original Complaint and Count 13 in the

6

proposed Amended Complaint). He has not moved for reconsideration of other dismissed claims, which are identified below as numbered in the original Complaint:

- Count 1: Sex discrimination in violation of Title VII against the Town;

- Count 3: Discrimination in violation of the Americans with Disabilities Act ("ADA") against the Town;

- Count 5: Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, against Scott, Kerigan, West, Powell, and Lee in their individual capacities;

- Count 6: Retaliation in violation of the FMLA against Scott, Kerigan, West, Powell, and Lee in their individual capacities;

- Count 7: Violations of the First Amendment of the United States Constitution under 42 U.S.C. § 1983 against the Town and Kerigan;

- Count 10: Wrongful termination under North Carolina law against the Town, Scott, Kerigan, Powell, and West;

- Count 11: Abuse of process under North Carolina law against Doyle, Hoffman, and Zellinger;

- Count 12: Intentional infliction of emotional distress against all Defendants;[1]

- Count 13: Tortious interference with contract under North Carolina law against the Board, Lee, Sutton, Sessoms, Tippett, Wooten, Andrews, Carroll, Donovan, McLeod, Marshburn, Lawrence, and Preston;

- Count 14: Defamation against all Defendants except for Defendant Marshburn; and

- Count 15: Civil conspiracy against Kerigan.

These claims were not identified as being dismissed without prejudice. As such, these claims were dismissed *with prejudice. See Jones-Debnam v. Bellarose Nursing & Rehab Ctr.*, No. 5:20-cv-530-BO, 2021 U.S. Dist. LEXIS 249325, at *4 (E.D.N.C.

---

[1] Counts 11 and 12 from the original Complaint are not present in the proposed Amended Complaint.

Mar. 22, 2021) ("The granting of a motion to dismiss under Rule 12(b)(6) operates as a dismissal with prejudice unless otherwise stated by the granting court." (citing Fed. R. Civ. P. 41(b)). All of these claims, except for Counts 11 and 12, are reasserted in the proposed Amended Complaint. Because these claims have already been dismissed with prejudice and Plaintiff has not sought reconsideration, any amendment to reassert these claims is futile. *See Doe v. Lees-McRae Coll.*, No. 1:20-cv-00105-MR, 2021 U.S. Dist. LEXIS 120599, at *7 (W.D.N.C. June 29, 2021) ("The Court denies the Plaintiff's Motion to Amend to the extent the Plaintiff attempts to replead claims previously dismissed with prejudice."); *Jones-Debnam*, at *5 ("A motion to amend a[nd] add a precluded claim should be denied on grounds of futility." (citing *Green v. Brock & Scott*, PLLC, No. 3:19-CV-00075-KDB, 2020 U.S. Dist. LEXIS 108207, at *3 (W.D.N.C. June 19, 2020), *reconsideration denied*, No. 3:19-CV-00075-KDB, 2020 U.S. Dist. 172752 (W.D.N.C. Sept. 20, 2020)); *Peterson v. Motorco, LLC*, No. 1:23cv546, 2025 LX 576274, at *19 (M.D.N.C. Nov. 20, 2025) (seeking leave to amend to reassert a claim that has already been dismissed with prejudice qualifies as futile). As such, Plaintiff should not be allowed to re-allege these claims.

Regarding the causes of action that are currently pending at summary judgment,[2] Plaintiff has not substantively amended any of those paragraphs such that allowing an amendment would be both unnecessary and unduly prejudicial. *See*

---

[2] At summary judgment, the four remaining claims against the Town are: Count 2: Title VII retaliation; Count 4: ADA retaliation; Count 5: FMLA interference; and Count 6: FMLA retaliation. There is also a claim for defamation (Count 14) against Defendant Marshburn.

8

DE-184 at pgs. 353 – 355, 358 – 364, 383 – 385. Plaintiff has not added any additional paragraphs to these pending causes of action or otherwise alleged any separate claims within these causes of action. It appears that primarily what has been changed is changing "Plaintiff" to "Johnson." *See generally id.* Requiring the Town to respond again to Paragraphs in the Causes of Action that have not been changed serves no purpose other than delay, especially now that discovery regarding these claims is fully closed. *See* DE-185. As such, these proposed changes do not support granting a Motion to Amend.

Additionally, for the reasons set forth in Defendant Town's Memorandum in Opposition to Plaintiff's Motion for Reconsideration, Plaintiff's motion to reassert the Section 1983 claim against the Town employees (Count 7), and conspiracy claim should also be denied. Since reconsideration of these claims should be denied, Plaintiff's motion to amend his entire Complaint, which would require the two remaining Defendants (Town and Marshburn) to respond to a 1,200 paragraph Complaint after they have already filed for summary judgment, should be denied.

### C. Allowing Plaintiff to file an Amended Complaint at this stage of the litigation would be unduly prejudicial to Defendants, and the timing of Plaintiff's seeking consent and filing may indicate bad faith.

Allowing Plaintiff to file an Amended Complaint after all remaining Defendants have timely filed summary judgment motions would be prejudicial to Defendants. The Fourth Circuit has held that "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). "The Fourth Circuit 'ha[s] repeatedly

9

Case 5:23-cv-00349-D-RN    Document 187    Filed 12/17/25    Page 9 of 15

affirmed denials of motions to amend which change the character of the litigation late in the proceedings.'" *Rahman v. Wells Fargo Bank, N.A.*, No. 1:24cv333, 2025 LX 277980, at *9 (M.D.N.C. July 11, 2025) (quoting *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 n.3 (4th Cir. 2010)); *see also Reeves v. Ransom*, No. 1:10-CV-56, 2011 U.S. Dist. LEXIS 112135, 2011 WL 4549144, at *12 (M.D.N.C. Sept. 29, 2011) (unpublished) ("The proposed amendments thus would complicate this case and magnify the risk of confusion in a prejudicial fashion."). Courts have specifically found motions to amend filed after a defendant has moved for summary judgment as prejudicial. *See e.g., Watlington v. Johnson*, 2008 U.S. Dist. LEXIS 135393 (2008) (denying Plaintiff's motion to amend filed subsequent to Defendant's motion for summary judgment and nearly one and half years after the original complaint was filed); *Naden v. Saga Software, Inc.*, 11 Fed. Appx. 381, 2001 WL 672071, *1 (4th Cir. 2001) (unpublished) (finding prejudice where the plaintiff sought leave to amend after the defendant filed its motion for summary judgment).

In this case, the prejudice to the existing Defendants, the Town and Marshburn, is apparent. At the close of discovery, more than 18 months after the Order dismissing almost all the defendants, Plaintiff now asks to bring back many of those defendants and also add two more defendants, both of whom Plaintiff has known about at least since Plaintiff's criminal conviction in January. Allowing Plaintiff's amendment to occur at this late stage would dramatically change the character of the litigation, re-open discovery that this Court recently held is closed, and potentially, if not likely, cause additional depositions including of individuals

that Plaintiff knew were involved for years and chose not to depose. *See Rahman*, at *10 (M.D.N.C. July 11, 2025) ("Prejudice is likely if 'the amended complaint contains "new complex and serious charges" which would undoubtedly require additional discovery . . . .'" (quoting *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *see also Ayala v. Wolfe*, 546 F. App'x 197, 203 (4th Cir. 2013) ("The district court did not abuse its discretion in barring Ayala from belatedly asserting new claims and adding a new party. Much time had passed, discovery had concluded, and granting Ayala's late motion would prejudice Defendants."); *Advanced Training Grp. Worldwide, Inc. v. Pro-Active Techs., Inc.*, No. 22-1945, 2023 U.S. App. LEXIS 34420, at *14-15 (4th Cir. Dec. 28, 2023) ("a district court does not abuse its discretion in denying leave to amend when the amendment would add a new legal theory to the case after the close of discovery").

The fact that Plaintiff waited until after Defendants filed their summary judgment motions to even seek Defendants' consent (at 10:59 p.m. on the dispositive motion deadline), and did not file any motion to amend until 11:30 p.m., after Defendant had moved for summary judgment and was in the process of filing supporting documents, including an extensive statement of material facts and supporting brief, also indicates bad faith. Plaintiff's October 27, 2025 filings did not even start until almost eight hours after Defendant Marshburn had filed all his supporting documents, including Plaintiff's entire criminal trial transcript. Considering the length of their proposed Amended Complaint, it seems apparent that Plaintiff was aware he would be filing such a proposed motion well before Defendants'

11

filings. The timing of Plaintiff's request appears to have been done in an effort to gain a strategic advantage by allowing Defendants to expend considerable time and resources, as well as to lay out in detail its theory of the case, before Plaintiff filed any proposed Amended Complaint. This bad faith is further amplified by Plaintiff's untimely Redlined version of the Proposed Amended Complaint filed two days before Defendants responses were due (and well after the response would have been due but for the Defendants requesting additional time).

## CONCLUSION

Plaintiff has not properly filed a Motion to Amend the Complaint, failed to comply with the local rules, and has provided no justification for this failure despite being aware of his responsibilities. He has also sought to re-assert claims that this Court has already dismissed with prejudice, and seeks to file an Amended Complaint only after Defendants timely filed for summary judgment, which would cause prejudice to the Defendants at this late stage of the litigation. For these reasons, Defendant Town requests that any Motion to Amend be denied.[3]

---

[3] In his proposed Amended Complaint, Plaintiff appears to rely on documents received through his criminal trial which have not been provided to Defendants. *See e.g.,* DE-172 ¶ 415 ("Amy Monsour was interviewed on December 20, 2024, and according to Zellinger and James's typed investigation notes…."); ¶ 417 ("The following statements by Lee were documented by Zellinger and James in their investigation notes…."); ¶ 774 ("Zellinger and James knew the power even a hint of such an accusation could have on a jury – their interview notes state 'She did not remember consenting to sex that night.'").

12

This the 17th day of December, 2025.

                                  **HARTZOG LAW GROUP LLP**

                                  <u>/s/ *Dan M. Hartzog, Jr.*</u>
                                  DAN M HARTZOG, JR.
                                  N.C. State Bar No. 35330
                                  E-mail: dhartzogjr@hartzoglawgroup.com
                                  DANIEL N. MULLINS
                                  N.C. State Bar No. 48227
                                  E-mail: dmullins@hartzoglawgroup.com
                                  2626 Glenwood Avenue, Suite 305
                                  Raleigh, NC 27608
                                  Telephone: (919) 670-0338
                                  Facsimile: (919) 714-4635
                                  *Attorney for Defendant Town of Smithfield*

## CERTIFICATE OF WORD COUNT

I certify that this Memorandum complies with the word count limit set forth in Local Civil Rule 7.2(f). The number of words in this Memorandum, exclusive of the caption, signature lines, certificate of service, certificate of word count, and any cover page or index, does not exceed 8,400 words, according to the word count function of the word processing software used to prepare the Memorandum.

Respectfully submitted this the 17th day of December, 2025.

**HARTZOG LAW GROUP LLP**

/s/ *Dan M. Hartzog, Jr.*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
DANIEL N. MULLINS
N.C. State Bar No. 48227
E-mail: dmullins@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Town of Smithfield*

**CER TIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants.

Valerie Bateman
June K. Allison
valerie@newsouthlawfirm.com
june@newsouthlawfirm.com
*Attorneys for Plaintiff*

David Marshburn
agentmarshburn@gmail.com
Pro se Defendant

Respectfully submitted this the 17th day of December, 2025.

**HARTZOG LAW GROUP LLP**

<u>/s/ *Dan M. Hartzog, Jr.*</u>
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
DANIEL N. MULLINS
N.C. State Bar No. 48227
E-mail: dmullins@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Town of Smithfield*