IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:23-cv-00349-D-RN

| RONALD JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT TOWN OF SMITHFIELD'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW ORDER [DE112] UNDER F.R. CIV. P. 54(b)** |
| v. | ) | |
| TOWN OF SMITHFIELD, and DAVID MARSHBURN | ) | |
| Defendants. | ) | |

Defendant Town of Smithfield, by and through the undersigned counsel, responds to Plaintiff's Motion to Review Order [DE112] Under F.R. Civ. P. 54(b). For the foregoing reasons, Plaintiff's Motion should be denied.

## RELEVANT FACTUAL HISTORY

On or around June 27, 2023, Plaintiff filed this action against the Town and 20 other defendants, including Town Manager Michael Scott, Town Human Resources Director Timothy Kerigan, Town Police Department Lieutenant Terry West, and Town Police Chief Keith Powell (hereinafter, the "Individual Town Defendants"). DE-1. On March 28, 2024, the Court issued an Order on all Defendants pending motions to dismiss. At that time, the Court dismissed 19 defendants and 10 causes of action, including all Plaintiff's section 1983 claims and all of the Individual Town Defendants. DE-112.

On January 17, 2025, Plaintiff was convicted of felony extortion, felony obstruction of justice, and two misdemeanors for willfully failing to discharge his duties with the Johnston County School Board. *See* DE-160 ¶ 8.

More than eight months before Plaintiff filed their current motion for reconsideration and almost one year after the Court had issued its ruling on the Motion to Dismiss, Plaintiff first notified the Court that he would be filing such a motion. On February 14, 2025, Plaintiff moved to amend the Scheduling Order for the first time. In that motion, Plaintiff noted that:

> In addition, Plaintiff has reviewed the Court's Order on the Motion to Dismiss (DE112) in additional detail now with regard to its anticipated effects on Plaintiff's ability to obtain discoverable evidence from Defendants and third-party witnesses and has concluded that certain provisions of the Order on certain issues merit reconsideration in order to ensure that Plaintiff's decision to forego an interlocutory appeal on these issues does not hamper his ability to obtain the discovery necessary to defend his case. To this end, Plaintiff intends to file a Motion under Rule 54(b) requesting that the Court re-consider portions of its Order.

DE-126 ¶ 22. The scheduling order was later continued to April 30, 2025. *See* DE-131.

On April 25, 2025, the parties filed a Joint Motion to Extend Scheduling Order Deadlines. DE-133. In that Joint Motion, it was again noted that "Plaintiff's counsel has also indicated that they intend to file a motion for reconsideration regarding certain claims." DE-133 ¶ 6.

On July 15, 2025, Plaintiff again referenced his intent to file a motion for reconsideration, now indicating that he had been unable to file the motion sooner based on the additional information produced at the end of May 2025 in discovery.

2

*See* DE 139 ¶ 7. This comment was in contrast to Plaintiff's previous pleadings regarding his intent to file as early as February based on the information he had.

On October 27, 2025, Defendants Marshburn and the Town timely filed their Motions for Summary Judgment. DE-155, DE-159.

That same day and after the motions for summary judgment had been filed, at approximately 11:30 PM on October 27, 2025, Plaintiff filed Plaintiff's Motion to Review Order, DE-112 Under F.R. Civ. P. 54(b). DE-166. That night, Plaintiff also filed a CM/ECF labelled Motion to Amend/Correct Complaint (DE-168), and a Motion to Extend the Time to File His Proposed Amended Complaint (DE-170). On November 4, 2025, Plaintiff filed his Proposed Amended Supplemented Complaint. DE-172. Plaintiff did not include a redline or marked up version of the proposed Amended Complaint. The Redline version was not filed until December 15, 2025. DE-184.

Plaintiff's Motion for Reconsideration requests that this Court reconsider the dismissal of parts of Counts 7 – 9 and 15 from the Complaint. Plaintiff specifically requested reconsideration of Plaintiff's section 1983 and 1985 claims against Defendants David Marshburn, Todd Sutton, Richard Hoffman, Terry West, Keith Powell, Michael Scott, and Angela McLeod Barbour.[1] *See* DE-166. Plaintiff is also seeking to add two additional defendants to this conspiracy claim, Thomas Bennett Jones and Arneatha James, through a yet to be filed Motion to Amend. Ms. James was one of the prosecutors involved in a criminal jury convicting Plaintiff of felony

---

[1] Based on Plaintiff's Motion, he is not seeking reconsideration of the dismissal of the First Amendment retaliation claim against the Town, or any claims against Timothy Kerigan, who is not listed in the Motion. *See* DE-166.

extortion, felony obstruction of justice, and two misdemeanors for willfully failing to discharge his duties with the Johnston County School Board. *See* DE-172 ¶ 76. Mr. Jones was a Clayton High School principal. *Id.* ¶ 91.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 54(b) governs motions to reconsider non-final orders. Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see* Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." *Am. Canoe Ass'n*, 326 F.3d at 514-15. The standard for reconsidering a non-final order is less demanding than the standard for reconsidering a final judgment. *See, e.g., Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). A court may revise an interlocutory order if substantially new facts come to light, if the applicable law changes, or if the court determines it made a clear error resulting in a manifest injustice. *See id.*; *Valencell, Inc. v. Apple Inc.*, No. 5:16-CV-1, 2017 U.S. Dist. LEXIS 99971, 2017 WL 2819768, at *1 (E.D.N.C. 2017) (unpublished).

Even though motions to reconsider are permitted prior to final judgments, "[a]llowing litigants a 'second bite at the apple' via a motion to reconsider is

4

disfavored." *Nanendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022) (citing *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.*, 33 F.3d 390, 395 (4th Cir. 1994)).

In the present case, Plaintiff does just that—he attempts to take a second bite at the apple with no substantially new factual evidence or any legal explanation highlighting how these new facts should change the Court's previous well-reasoned decision. As such, Plaintiff's Motion for Reconsideration should be denied.

1. **Plaintiff Has Not Presented Any Justification for Overturning the Court's Prior Dismissal Order against the Individual Town Defendants.**

While not specifically stated, it appears the foundation for Plaintiff's Motion for Reconsideration is based on facts learned during discovery. However, Plaintiff has not presented factual support that justifies overturning this Court's prior ruling because even considering evidence learned during discovery, it does not demonstrate any constitutional harm and/or meeting of the minds to support a civil conspiracy.

   a. **Plaintiff Has Not Presented Evidence of Any First Amendment Retaliation Against the Individual Town Defendants.**

Plaintiff's Motion for Reconsideration against the Individual Town Defendants is predicated on overturning this Court's dismissal of Plaintiff's First Amendment retaliation claim, Count 7 in the Complaint and proposed Amended Complaint.

As this Court previously noted when considering the First Amendment retaliation claim against the Individual Town Defendants, because Johnson was a public employee,

> The *Pickering-Connick* framework governs the analysis. *See e.g., Connick v. Myers*, 461 U.S. 138, 143-46 (1983); *Pickering v. Bd. of Educ.*, 391 U.S. 563, 571-73 (1968); *Adams*, 640 F.3d at 562-65; *Lee v. York*

5

Case 5:23-cv-00349-D-RN    Document 188    Filed 12/17/25    Page 5 of 12

> *Cnty. Sch. Div.*, 484 F.3d 687, 692-94 & n.9 (4th Cir. 2007); *Boring v. Buncombe Cnty. Bd of Educ.*, 136 F.3d 364, 368-69 (4th Cir. 1998) (en banc). To state a claim under the *Pickering-Connick* framework, Johnson must plausibly allege that (1) he spoke as a citizen on a matter of public concern, rather than as an employee on a matter of private interest, (2) his interest in speaking on the matter of public concern outweighed the defendants' interest in providing effective and efficient public service, (3) defendants took some action against him that deprived him of a valuable government benefit or that would tend to chill his protected speech, and (4) a causal relationship existed between his protected speech and the retaliation. *See, Massaro*, 2024 WL 1162061, at *8; *Smith v. Gilchrist*, 749 F.3d 302, 308 (4th Cir. 2014); *Bland v. Roberts*, 730 F.3d 368, 373-75 (4th Cir. 2013); *Peters v. Jenney*. 327 F.3d 307, 322-23 (4th Cir. 2003); *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 351-52, 356 (4th Cir. 2000); *McVey v. Stacy*, 157 F.3d 271, 277-78 (4th Cir. 1998).

DE-112 at 40. In granting the Individual Town Defendant's Motion to Dismiss, the Court assumed without deciding Plaintiff had engaged in protected speech. However, the Court dismissed the claim because Plaintiff failed to "plausibly allege a causal relationship between this protected speech and the alleged retaliation." *Id.* at 42. The Court specifically noted that the Town's strong interest in ensuring that its police officers provide proper service, including telling the truth in seeking a protective order, acting with integrity, and using police equipment for its intended purpose and Plaintiff's own admission of sending inappropriate text messages during Johnston County Board of Education meetings in 2019 caused "breaks in the causal chain," rendering Plaintiff's First Amendment retaliation claim implausible. *Id.* at 43.

In Plaintiff's Memorandum in Support regarding his Motion for Reconsideration, Plaintiff never addresses the Court's dismissal or how any of the purported new facts learned during discovery prevent these breaks in the causal chain. In fact, his Memorandum only mentions the word First Amendment on one

6

occasion (DE-167 at 2) and fails to indicate how any of these new facts cure his original deficiency. Plaintiff does not, and cannot, refute that the Town did in fact have legitimate reasons for their actions as this Court has already noted.

More fundamentally telling is that Plaintiff never attempts to link any new purported facts to his First Amendment retaliation, but he instead tries to link it to his conspiracy claim. For example, Plaintiff does not indicate how any communications produced during discovery between Terry West and Richard Hoffman relate in any way to Plaintiff's protected speech. Further, regarding information provided to the grievance panel, which occurred months after Plaintiff had been terminated, Plaintiff again does not indicate how these purported new facts, which are not admitted or even supported by evidence from Plaintiff in his motion, tie to a First Amendment violation.

Accordingly, while Plaintiff may point to information that he learned in discovery, he cannot and does not identify how any of these facts support overturning the Court's prior conclusion—that Plaintiff engaged in the conduct that led to his

7

Case 5:23-cv-00349-D-RN    Document 188    Filed 12/17/25    Page 7 of 12

termination.² As such, any motion for reconsideration of the dismissal of Count 7 against the Individual Town Defendant's should be denied.

### b. Plaintiff Has Not Presented Factual Support of Any Meeting of the Minds to Support a Civil Conspiracy Claim Under Section 1985.

> To state a claim for conspiracy, Johnson must plausibly allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). To show joint, concerted action, plaintiffs must, at minimum, provide "specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Id.* Conclusory allegations of a conspiracy do not satisfy this "meeting of the minds" element and therefore fail to state a claim. *See, e.g., Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995); *Gooden v. Howard Cty.*, 954 F.2d 960, 970 (4th Cir. 1992) (en banc).

*Johnson v. Allen*, 416 F. Supp. 3d 550, 561 n.5 (E.D.N.C. 2018).

In initially dismissing the conspiracy claim, this Court noted that Plaintiff had failed to plausibly "allege a 'meeting of the minds' among the named defendants." DE-112 at 64 (citing *Bartko v. Wheeler*, No. 5:14-CT-3043, 2014 WL 3563359, at *8 (E.D.N.C. 2014) (unpublished); *Holbach v. Jenkins*, No. 4:09-CV-26, 2009 WL 2382756, at *7 (D.N.D. 2009) (unpublished).

---

² Plaintiff spends significant time referring to the Town Manager's decision to terminate him and making the conclusory allegation that the Town Manager tried to conceal the true reason for Plaintiff's termination. As further articulated in the Town's Statement of Material Facts, the Town did not conceal the basis for his termination from the Plaintiff. *See generally* DE-160. The Town Manager informed Plaintiff why he was terminated in his termination letter. *See e.g.,* DE 161-27 ¶ 24. That issue aside, as discussed above, Plaintiff mentions nothing about how these purported new facts relate to any claim for First Amendment retaliation. He presents no evidence or facts that the Town Manager, or any other Town employee, had some animus against him because of any protected speech.

8

In Plaintiff's Motion for Reconsideration, he still fails to present any evidence that "each member of the alleged conspiracy shared the same conspiratorial objective" to cause this Court to overturn its prior ruling. At best, what Plaintiff shows in his Memorandum is that the Town, through Terry West, interviewed witnesses as part of the Town's internal affairs investigation and also worked with the District Attorney's office by providing them information when it was requested. This is not sufficient evidence to support a meeting of the minds, or that each member of the alleged conspiracy shared the same objective. Further, while Plaintiff argues that "sufficient facts exist to create a plausible inference of conspiracy among a variety of individuals...[,]" (DE-167 at 18), the Complaint indicated a joint conspiracy amongst *all* Defendants. *See* DE 1 at pg. 106. It is abundantly clear that Plaintiff does not have sufficient facts to tie all Defendants into a joint theory for a singular purpose of retaliating against him due to this speech and/or to violate his procedural due process rights. *See id.* Since that is what Plaintiff is requesting be reconsidered and there are no facts that tie all Defendants together for one common purpose, Plaintiff's motion to reconsider and overturn the Court's prior decision regarding civil conspiracy should be denied.

Plaintiff's conspiracy claim still amounts to "rank speculation and conjecture," which are not sufficient to meet the "weighty" burden of establishing that the defendants acted jointly in concert in furtherance of a conspiracy to deprive Plaintiff of some constitutional right. *See e.g., Hinkle*, 81 F.3d at 421.

9

Case 5:23-cv-00349-D-RN    Document 188    Filed 12/17/25    Page 9 of 12

## CONCLUSION

Plaintiff offers no reason for this Court to overturn any of the claims that were previously dismissed against the Town and the Individual Town Defendants. Plaintiff's Memorandum never addresses how any purported new information changes the reasoning of the Court's prior ruling. For the First Amendment retaliation claim, Plaintiff never tries to refute the reasons for his termination or present new facts that show he did not send the messages that this Court held broke the causal chain, thus rendering his First Amendment retaliation claim implausible. For Plaintiff's civil conspiracy claim against the Individual Town Defendants, Plaintiff's Memorandum again offered no new evidence or circumstantial evidence supporting a meeting of the minds by all Defendants of the same conspiratorial objective. Instead, Plaintiff wants this court to allow him to add more Defendants for a conspiracy that he surmises must have existed.

As the pleadings make clear, Plaintiff engaged in the conduct that led to both his termination from the Town and subsequent criminal conviction. While Plaintiff may be unhappy with these results, that does not make them unlawful and certainly not a violation of his constitutional rights warranting reconsideration.

For these reasons, Defendant Town and the Individual Town Defendants request that any Motion for Reconsideration be denied.

This the 17th day of December, 2025.

**HARTZOG LAW GROUP LLP**

/s/ *Dan M. Hartzog, Jr.*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
DANIEL N. MULLINS
N.C. State Bar No. 48227
E-mail: dmullins@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Town of Smithfield*

**CERTIFICATE OF WORD COUNT**

I certify that this Memorandum complies with the word count limit set forth in Local Civil Rule 7.2(f). The number of words in this Memorandum, exclusive of the caption, signature lines, certificate of service, certificate of word count, and any cover page or index, does not exceed 8,400 words, according to the word count function of the word processing software used to prepare the Memorandum.

Respectfully submitted this the 17th day of December, 2025.

**HARTZOG LAW GROUP LLP**

/s/ *Dan M. Hartzog, Jr.*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
DANIEL N. MULLINS
N.C. State Bar No. 48227
E-mail: dmullins@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Town of Smithfield*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants.

Valerie Bateman
June K. Allison
valerie@newsouthlawfirm.com
june@newsouthlawfirm.com
*Attorneys for Plaintiff*

David Marshburn
agentmarshburn@gmail.com
Pro se Defendant

Respectfully submitted this the 17th day of December, 2025.

**HARTZOG LAW GROUP LLP**

/s/ *Dan M. Hartzog, Jr.*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
DANIEL N. MULLINS
N.C. State Bar No. 48227
E-mail: dmullins@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Town of Smithfield*