UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:23-CV-00349

| | |
|---|---|
| RONALD JOHNSON, ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM** |
| v. ) | **IN OPPOSITION TO** |
| ) | **PLAINTIFF'S MOTION** |
| TOWN OF SMITHFIELD, et al., ) | **TO REVIEW ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

Defendants, Benjamin O. Zellinger, Susan Doyle, and Richard Hoffman, by and through undersigned counsel, hereby submit this memorandum in opposition to Plaintiff's Motion to Review Order under Fed. R. Civ. P. 54(b). [DE 166]

## **INTRODUCTION**

In March 2024, this Court dismissed Special Prosecutor Zellinger, Assistant District Attorney Doyle, and DA Investigator Hoffman from this suit, citing Plaintiff's failure to state a claim for relief against them and, in the alternative, prosecutorial immunity. [DE 112] More than eighteen months later, Plaintiff now asks this Court to review and reconsider dismissal of these Defendants based on discovery produced by the Town of Smithfield and various exhibits filed in Plaintiff's criminal trial. [DE 167, p 2] Plaintiff fails to meet

the well-established standards for reconsideration. Plaintiff's motion should be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court's March 28, 2025, Order provides an overview of the factual allegations in this case as they relate to Defendants Zellinger, Doyle, and Hoffman. [DE 112] According to Plaintiff's motion, the Town of Smithfield has produced material in response to Plaintiff's discovery requests suggesting that Zellinger, Doyle, and Hoffman's alleged wrongful acts took place "prior to trial" and therefore did not entitle them to "absolute immunity." [DE 167, p 20]

In January 2025, Plaintiff was convicted of felony obstruction of justice, two counts of willful failure to discharge duties, and felony extortion.[1] He was sentenced to 6-17 months in prison for the felony obstruction of justice conviction. Plaintiff also received a sentence of 16-29 months in prison, suspended for a period of 30 months of supervised probation, for the other convictions. The trial court also ordered revocation of Plaintiff's law

---

[1] The Court file in *State v. Johnson*, Johnston County Superior Court File No. 23CR003494-500 is publicly available on North Carolina's eCourt Portal. *See* https://portal-nc.tylertech.cloud/app/RegisterOfActions/#/5CD1E9F685E28FA66EAD785BC5EEBBAEA86AFD5FE42A4E8B82C458E9916A0DC6FCDBD2B98EEE82BEB1C6DE5475EC6BF936EA4247B63EB25E14E26A13D02991C336D79409EF2524729AFFAE198A6BFCD3/anon/portalembed

enforcement license and criminal justice certification and removed him from the Johnston County School Board.

In February 2025, Plaintiff's counsel in this matter subpoenaed Defendants Zellinger and Hoffman to produce the State's file in Plaintiff's criminal matter, which was protected from disclosure by a protective order. Plaintiff also subpoenaed Defendant Hoffman to sit for a deposition. Defendants Zellinger and Hoffman moved to quash the subpoenas, which this Court allowed. [DE 128, 134, 138]

In September 2025, Plaintiff moved the Court to reconsider its order granting Hoffman's motion to quash, which the court denied. [DE 142, 182] Plaintiff issued a second subpoena to Hoffman. Again, Hoffman moved to quash the subpoena and this Court granted the motion. [DE 145, 182]

Discovery in this matter closed on September 27, 2025. [DE 140] On October 27, 2025, both the Town of Smithfield and Marshburn (two remaining defendants) filed motions for summary judgment, along with appropriate supporting materials. [DE 155-165] That same day, Plaintiff moved the Court to "review and reconsider" the Court's March 2024 Order dismissing Plaintiff's claims against various defendants, including Defendants Zellinger and Hoffman, along with a brief in support. [DE 166, 167] Counsel also filed a document titled "Motion to Amend Complaint," that is actually a motion for

extension of time, DE 168, and a memo in support of a motion to amend, DE 169. Plaintiff's Motion to Amend Complaint did not include the redlined, proposed amended complaint as required by Local Rule 15.1(a)(i).

On November 3, 2025, Plaintiff filed a Motion to Extend the Time to File His Proposed Amended Complaint. [DE 171] On November 4, 2025, Plaintiff filed a Proposed Amended Supplemented Complaint purportedly raising new claims against Zellinger, Hoffman and Doyle and adding NC Department of Justice Special Prosecutor Arneatha James as a Defendant in this action. [DE 172] Plaintiff filed a redlined version of his Proposed Amended Complaint on December 15, 2025. [DE 184]

## ARGUMENT

I. **Legal Standards Applicable to Plaintiff's Rule 54(b) Motion**

Rule 54(b) allows for an interlocutory order to "be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). There are only three circumstances where a court may revise an interlocutory order under Rule 54(b):

(1) A subsequent trial produces substantially different evidence;

(2) A change in applicable law; or

(3) Clear error causing manifest injustice.

4

*Carlson v. Bos. Sci. Corp*, 856 F.3d 320, 325 (4th Cir. 2017) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). These instances "rarely arise and the motion to reconsider should be equally rare." *Gillis v. Murphy-Brown, LLC,* 7:14-cv-185-BR, 2018 WL 11401929, at *2 (E.D.N.C. Nov. 28, 2018) (citation omitted).

When assessing a Rule 54(b) motion, the standards for reconsideration are not applied with the same strictness as when they are used under Rule 59(e). *See Carlson*, 856 F.3d at 325 ("Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light.").

"Despite this flexible approach[,] . . . the discretion Rule 54(b) provides is not limitless." *Id.* Indeed, "such discretion is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (quoting *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coppers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

Motions for reconsideration[2] "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005) ("A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence.").

## II. Plaintiff's Motion to Reconsider Fails to Meet the Legal or Factual Threshold Required to Modify this Court's March 2024 Order.

The purpose of a motion for reconsideration "is to allow the Court [to] 'correct manifest errors of law or fact or to [consider] newly discovered

---

[2] Although the Fourth Circuit has not specifically articulated the standard for evaluating a motion for reconsideration under Rule 54(b), *see American Canoe Ass'n*, 326 F.3d at 514-15, district courts in the Fourth Circuit routinely look to the standards governing the reconsideration of final judgments under Rule 59(e) for guidance in considering a motion for reconsideration of an interlocutory order under Rule 549(b). *See, e.g., Dhruva v. CuriosityStream Inc.*, No. SAG-23-2265, 2024 WL 712467, at *2 (D. Md. Feb. 21, 2024); *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.*, No. 1:05-cv-955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011) (unpublished).

evidence,' and are improper if they serve merely to ask the Court 'to rethink what the Court had already thought through-rightly or wrongly." *Ga-Pac. Consumer Prods. v. Von Drehle Corp*, 815 F. Supp. 2d 927, 929 (E.D.N.C. 2011) (citations omitted). Plaintiff's motion does not identify any manifest errors of law or fact, nor does it point to any evidence impacting the legal analysis underlying the Court's March 2024 Order dismissing Defendants Zellinger, Doyle, and Hoffman. Instead, Plaintiff mischaracterizes the grounds for the court's dismissal and asks the Court to retread ground covered two years ago when the parties briefed Defendants' motions to dismiss. [DE 45, 46, 47, 48, 84, 85, 92, 93, 112]

As a threshold matter, Plaintiff's motion fails against Defendants Zellinger, Doyle, and Hoffman, because it seeks reversal based on the "Court dismiss[ing] all claims against these defendants based on absolutely [SIC] immunity." [DE 167, p 19] The Court did not dismiss Plaintiff's claims against the Defendants based on absolute immunity. Instead, the Court dismissed each of the claims against the Defendants pursuant to Rule 12(b)(6) for failure to state a claim. The Court found that, "[a]lternatively, absolute immunity applies to Doyle, Hoffman, and Zellinger on count nine", Plaintiff's malicious prosecution claim. [DE 112, p 117] Regardless, as discussed below, Plaintiff fails to identify newly discovered evidence warranting reconsideration of the

7

Court's dismissals or finding of absolute immunity.

> **A. Plaintiff fails to identify any new evidence warranting reconsideration of the Court's finding that he failed to state any claim against Defendants Doyle, Hoffman, or Zellinger.**

Plaintiff ostensibly brought, and the Court dismissed, five claims against Defendants Doyle, Hoffman, and Zellinger. These include:

- Count nine, a malicious prosecution claim under 42 U.S.C. § 1983, [DE 112, p 47];
- Count eleven, a State law abuse of process claim, [DE 112, p 49];
- Count twelve, a State law intentional infliction of emotional distress ("IIED") claim, [DE 112, p 51];
- Count fourteen, a State law defamation claim, [DE 112, p 56]; and
- Count fifteen, a conspiracy claim under 42 U.S.C. § 1983, [DE 112, p 63].

Taken in turn, there are no new facts which would warrant revisiting the Court's prior decision that Plaintiff failed to state each of these claims.

To state a claim for malicious prosecution under 42 U.S.C. § 1983, Plaintiff needed to allege "that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." [DE 112, p 47 (citing *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quotation omitted)] The Court found this claim "fails because probable cause existed to arrest him and

because the criminal proceedings have not terminated in his favor." [DE 112, p 48] This remains true. Instead of terminating in his favor, Defendant was subsequently convicted at the criminal proceedings. Accordingly, Defendant cannot state a malicious prosecution claim.

"[T]o succeed on a claim for abuse of process, the plaintiff must establish that (1) a prior proceeding was initiated against the plaintiff by the defendant or used by him to achieve an ulterior motive or purpose; and (2) once the proceeding was initiated, the defendant committed some willful act not proper in the regular prosecution of the proceeding." [DE 112, p 49 (citations omitted)] In dismissing Plaintiff's abuse of process claim, the Court found that he "conclusorily allege[d] that [d]efendants had an ulterior motive" and "fail[ed] to plausibly allege an abuse of process claim against Doyle, Hoffman, and Zellinger." [DE 112, p 50 (internal citations and quotations omitted)] Plaintiff's motion does nothing to remedy these defects. Plaintiff again fails to allege an improper purpose.

An intentional infliction of emotional distress ("IIED") claim requires "extreme and outrageous conduct by the defendant 2) which is intended to and does in fact cause 3) severe emotional distress." [DE 112, p 51 (quoting *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992))] In dismissing this claim, the Court found that Defendants Doyle and Hoffman "investigated [Plaintiff]

9

based on [Plaintiff's] alleged misconduct." [DE 112, p 54] The Court held that Plaintiff failed to "plausibly allege that these defendant's also publicized rumors without investigation." *Id.* Again, Plaintiff's motion fails to identify any new facts that would tend to negate these findings or otherwise warranting review of the Court's dismissal of this claim.

"To establish a defamation claim under North Carolina law, a 'plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." [DE 112, p 56 (quoting *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006)] Plaintiff does not now, nor has he ever, alleged that Defendants Doyle, Hoffman, or Zellinger made any false, defamatory statements concerning him.

Finally, "[t]o state a conspiracy claim, Johnson must plausibly allege 'that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plaintiff's] deprivation of a constitutional right." [DE 112, p 63 (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416,421 (4th Cir. 1996)] In dismissing this claim, the Court found that Plaintiff failed to "plausibly [ ] allege a 'meeting of the minds' among the named defendants." [DE 112, p 64] Plaintiff does not identify any new facts showing a "meeting of the minds" among any of the defendants.

In sum, there are no new facts warranting reconsideration of the Court's prior order dismissing the claims against Defendants Doyle, Hoffman, and Zellinger.

**B.     Defendants are entitled to prosecutorial immunity.**

Similarly, Plaintiff fails to identify any new facts warranting review of the trial court's finding that absolute immunity alternatively supported dismissal of Plaintiff's malicious prosecution claim. "[T]he purpose of absolute immunity 'is not to protect an erring official, but to insulate the decision-making process from the harassment of prospective litigation.'" *Goldstein v. Moatz*, 364 F.3d 205, 212 (4th Cir. 2004) (quoting *Westfall v. Erwin*, 484 U.S. 292, 295 (1988)). This immunity not only bars claims against prosecutors, it also "extends to certain agents of the prosecutor when they are engaged in performing tasks that are inherently prosecutorial in nature." *Brodnik v. Lanham*, No. CV 1:11- 0178, 2016 WL 4087361 (S.D.W. Va. Aug. 1, 2016) (quoting *Joseph v. Shepherd*, 211 F. App'x 692, 697 (10th Cir. 2006)).

Plaintiff fails to allege new facts warranting reconsideration of Defendants Doyle, Hoffman, and Zellinger's prosecutorial immunity. At best, Plaintiff appears to be arguing that Hoffman obtained documents and information that was then used to obtain a search warrant. [DE 167, p 20] This is not new information.

In response to Defendants Doyle and Hoffman's motion to dismiss, Plaintiff argued "that Defendant Hoffman gathered evidence to support Plaintiff's arrest and prosecution." [DE 85, p 33] Indeed, Plaintiff's knowledge of Hoffman's role in his prosecution is manifest: the Complaint included the search warrants Hoffman obtained, which detailed the information he had acquired and from whom. *See, e.g.*, DE 2-11, pp 15-31. Plaintiff's allegations of wrongful conduct by Zellinger, Doyle and Hoffman fall squarely within the prosecutorial functions that prosecutorial immunity is designed to insulate from civil liability. *Compare Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that a prosecutor is immune from a civil suit for damages under § 1983 for initiating a prosecution and presenting the State's case) *and Buckley v. Fitzsimmons*, 509 U.S. 259, 277-78 (1993) (concluding that absolute prosecutorial immunity did not apply to prosecutor's participation in a press conference, since comments made to the media have no functional tie to the judicial process).

Without new evidence, Plaintiff is merely asking the Court to rethink that which it has already thought through. *See Von Drehle Corp*, 815 F. Supp. 2d at 929. This he cannot do.

## CONCLUSION

Based on the foregoing authorities and arguments, Defendants Zellinger,

Doyle, and Hoffman request that the Court deny Plaintiff's motion to reconsider the March 24 Order dismissing them from this suit.

Respectfully submitted this 17th day of December, 2025.

                                        JEFF JACKSON
                                      Attorney General

                                        */s/ Laura H. McHenry*
                                      Laura McHenry
                                      Special Deputy Attorney General
                                      N.C. State Bar No. 45005
                                      E-mail: lmchenry@ncdoj.gov
                                      N.C. Department of Justice
                                      P.O. Box 629
                                      Raleigh, NC 27602-0629
                                      Telephone: (919) 716-6900
                                      Facsimile: (919) 716-6761

                                      *Counsel for Defendants Zellinger, Doyle and Hoffman*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum of law does not exceed 8400 words, in compliance with L.R.7.2(f)(3)(A). Based on the word count generated by the word processing software used to draft it, the foregoing memorandum contains 2512 words.

This 17th day of December 2025.

*/s/ Laura H. McHenry*
Laura H. McHenry
Special Deputy Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of Court using the CM/ECF system, which will send notification of such to all counsel of record in this matter.

This 17th day of December 2025.

*/s/ Laura H. McHenry*
Laura H. McHenry
Special Deputy Attorney General

14

Case 5:23-cv-00349-D-RN    Document 189    Filed 12/17/25    Page 14 of 14